[S. F. No. 1843.    Department One.—December 31, 1900.]

HENRY MOHR, Respondent, v. KATE C. BYRNE et al., Respondents. HENRY I. KOWALSKY, Intervenor, Appellant.

APPEAL—DISMISSAL—SERVICE OF NOTICE—INSUFFICIENT·PROOF.—An appeal will be dismissed where the proof of the service of the notice of appeal does not show that a copy of the notice was delivered to the attorneys for the respondent, but merely states that a copy thereof was left at their office, without showing the existence of any of the conditions prescribed in section 1015 of the Code of Civil Procedure, authorizing such service, or any other or further compliance with the requirements of that section.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

W. A. Kirkwood, and W. C. Shepard, for Appellant.

Hepburn Wilkins, Wilson & Wilson, T. J. Crowley, W. H. H. Hart, and Aylett R. Cotton, for Respondents.

HARRISON, J.—Motion to dismiss the appeal. This action was brought to recover the amount of certain promissory notes executed by the respondent Kate C. Byrne, and held by the plaintiff. A complaint in intervention was filed by Henry I. Kowalsky, in which he claimed an interest in one of said notes. Judgment was rendered in the action in favor of the plaintiff, and against the defendants, and that the intervenor, Kowalsky, "take nothing by this action." From this judgment the intervenor has taken an appeal. A motion is now made in behalf of the defendants Kate C. Byrne and John E. Byrne to dismiss the appeal upon the ground, among others, that no notice of the appeal was served upon them.

The only evidence of service of the notice of appeal upon them, or either of them, is contained in an affidavit of Isidore Golden, a clerk of Kowalsky, who states therein that on the second day of December, 1898, he prepared typewritten notices of the appeal, and "left a copy at the office of Wilson & Wilson, attorneys for Kate C. Byrne et al." It appears from the record that Wilson & Wilson were the attorneys for the respondents Kate C. Byrne and John E. Byrne. It is not shown that the notice of appeal was ever received by these attorneys.

Section 940 of the Code of Civil Procedure requires the notice of appeal to be served "on the adverse party or his attorney"; and section 1015 declares that: "In all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party." Section 1011 provides that if the service is personal, it is to be made by a delivery of the notice or other paper to the party or attorney on whom the service is required to be made. The section, moreover, provides for service in certain instances where such delivery cannot be made, as follows: "If upon an attorney, it may be made during his absence from his office by leaving the notice or other paper with his clerk therein, or with a person having charge thereof; or, when there is no person in the office, by leaving them between the hours of 8 in the morning and 6 in the afternoon, in a conspicuous place in the office; or, if it be not open so as to admit of such service, then by leaving them at the attorney's residence with some person of suitable age and discretion."

The affidavit of service must show that all the requirements of the law to effect service have been complied with, and also the existence of the conditions authorizing service in the mode adopted. In the present case, the affidavit fails to show whether the attorneys for the respondent were absent from their office, or whether any clerk was present, or anybody in charge of the office, or at what time in the day the copy was left. Neither does it show whether the office was open or closed; and the statement that the affiant left it at the office is consistent with the fact that the office was closed, and that it was left outside of the door. If the office was open, the affidavit does not state that the notice was left "in a conspicuous place in the office," and, as was said in *Doll v. Smith*, 32 Cal. 476: "For aught that appears to the contrary, it may have been put in the stove or some other place where it was not likely to be found." In that case the statement in the affidavit that the affiant "served the within notice on the plaintiff by leaving a copy of the same at the office of J. G. Doll, plaintiff's attorney, in the town of Red Bluff, on the twenty-third day of July, 1866," was held to be insufficient proof of service, and the appeal was dismissed. In *Gallardo v. Atlantic etc. Tel. Co.*, 49 Cal. 510, the statement of the affiant that he "left a true copy of the notice at the office of Crane & Boyd, the attorneys for the defendant," was held not to show service of a notice of the settlement of a bill of exceptions. (See, also, *Dalzell v. Superior Court*, 67 Cal. 453.) Under these authorities it must be held that there is no proof of the service of the notice of appeal.

The appeal of the intervenor, Kowalsky, is dismissed as to the respondents Kate C. Byrne and John E. Byrne.

Van Dyke, J., and Garoutte, J., concurred.