[Civ. No. 65393. Second Dist., Div. One. Aug. 23, 1982.]

TRI-COUNTY ELEVATOR COMPANY, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
ELLIOTT DELL et al., Real Parties in Interest.

272

**COUNSEL**

Hatch & Parent and Gerald B. Parent for Petitioner.

No appearance for Respondent.

Cavalletto, Webster, Mullen & McCaughey, Mullen, McCaughey & Henzell, George L. Wittenburg, Gary W. Robinson, McGowan & Gilbert and Terrance L. McGowan for Real Parties in Interest.

**OPINION**

**LILLIE, J.**—Petitioner Tri-County Elevator Company, Inc., seeks a writ of mandate directing respondent Santa Barbara Superior Court to vacate its order denying petitioner's motion for a new trial and thereafter conduct a hearing for the purpose of ruling on the merits of said motion. ■ ■■■ We issued an alternative writ.[1]

---

[1]Mandamus is an appropriate means of reviewing an otherwise nonappealable order of a trial court where the issue presented is one of law and it is in the public interest to

On March 19, 1982, judgment in favor of real parties in interest and against petitioner was signed and filed. On March 22, 1982, a conformed copy of the judgment showing the date of its filing was mailed to petitioner by the attorneys for real parties. On March 29, 1982, the clerk of respondent court mailed to petitioner a document entitled "Notice of Entry of Judgment/Order" stating that the judgment had been entered on March 19. On April 9, 1982, petitioner filed its notice of intention to move for a new trial. Respondent court denied the motion on the ground that it was filed more than 15 days after the service of a conformed copy of the judgment, which the court determined was sufficient to constitute notice of entry of the judgment.

Code of Civil Procedure section 659 reads in pertinent part: "The party intending to move for a new trial must file with the clerk and serve upon each adverse party a notice of his intention to move for a new trial . . . . [¶] 2. Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment . . . whichever is earliest. . . ." Prior to its amendment in 1981 (Stats. 1981, ch. 904, § 1), section 664.5 required that notice of entry of judgment be given by the clerk of the court.[2] As amended, section 664.5 now provides in relevant part: "(a) In any contested action or special proceeding in a superior, municipal, or justice court . . . , the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service by mail; provided, that the court may order the clerk to mail notice of entry of judgment in those cases where justice would be better served thereby. . . ."

have a prompt determination of that question. (*People v. Superior Court (Olson)* (1979) 96 Cal.App.3d 181, 189, fn. 6 [157 Cal.Rptr. 628].)

By issuing an alternative writ we necessarily determined that petitioner has no other adequate remedy and that this is a proper case for the exercise of our original jurisdiction through the prerogative writ. (*Randone v. Appellate Department* (1971) 5 Cal.3d 536, 543 [96 Cal.Rptr. 709, 488 P.2d 13]; *City of Huntington Beach v. Superior Court* (1978) 78 Cal.App.3d 333, 339 [144 Cal.Rptr. 236].)

[2]Section 664.5 provided: "Promptly upon entry of judgment in a contested action or special proceeding in a superior, municipal, or justice court, the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action or special proceeding and shall execute a certificate of such mailing and place it in the court's file in the cause. . . ."

Petitioner argues that the conformed copy of the judgment served upon it by real parties does not meet the requirements of section 664.5, which contemplates that the notice of entry of judgment must be a document separate from the judgment. The only notice of entry of judgment was that mailed to petitioner by the clerk of respondent court on March 29, 1982; petitioner's notice of intention to move for a new trial (filed Apr. 9, 1982) therefore was timely. We do not agree.

It is a general rule of statutory construction that modifying phrases are to be applied to the words immediately preceding them and are not to be construed as extending to more remote language. (*People v. Corey* (1978) 21 Cal.3d 738, 742 [147 Cal.Rptr. 639, 581 P.2d 644].) Thus, in section 659 the phrase "pursuant to Section 664.5" applies to service of notice of entry of judgment by the clerk of the court, not to service of the notice by a party. Indeed, this is the only logical construction of section 659 because prior to January 1, 1982, section 664.5 provided for mailing of notice of entry of judgment by the clerk exclusively, and did not authorize such service by a party. As amended, section 664.5 now places on the party submitting the judgment for entry the duty of giving notice of entry; the clerk may give such notice only when the court orders him to do so.[3] Section 659 was not amended to make section 664.5 applicable to service of notice of entry of judgment *by a party*; it continues to incorporate the provisions of section 664.5 only in connection with service of such notice *by the clerk*. Since 1959, section 659 has expressly authorized service of written notice of entry of judgment by a party as an event which starts the running of the period within which a motion for new trial may be made. The Legislature alone has the power to provide that the newly adopted procedure of section 664.5 governs preparation and service of written notice of entry of judgment by a party for purposes of section 659; the Legislature has not done so. We may not, under the guise of statutory construction, insert qualifying provisions in section 659 or rewrite it in an attempt to make it conform to a presumed intention of the Legislature not expressed in the statutory language. (See Code Civ. Proc., § 1858; *Goins v. Board of Pension Commissioners* (1979) 96 Cal.App. 3d 1005, 1010 [158 Cal.Rptr. 470]; *Cemetery Board* v. *Telophase Society of America* (1978) 87 Cal.App.3d 847, 858 [151 Cal.Rptr. 248].) If the Legislature intended the newly adopted procedure of section 664.5 to govern the preparation and service of written notice of entry of judg-

---

[3]The record does not show that respondent court ordered the clerk to mail the notice of entry of judgment which was sent on March 29, 1982.

ment by a party for the purpose of determining the start of the period within which a motion for new trial may be made under section 659, it should amend section 659 to express that intention.

The language of section 659 does not make applicable the procedure outlined in section 664.5 for the purpose of determining whether a party has given notice of entry of judgment sufficient to trigger the 15-day period of section 659. Accordingly, in determining whether the document served on petitioner by real parties constituted such notice, we look to general principles.

"Notice [of entry of judgment] must be in writing. [Citations.] But no particular form is required; 'any notice in writing which will convey to a losing party that the judgment has been entered is sufficient in California.' (*Bank of America* v. *Superior Court* (1931) 115 C.A. 454, 457 . . . .)" (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 58, p. 3221.) Ordinarily, entry of a judgment consists of copying it at large in the judgment book which the clerk keeps among the records of the court. (Code Civ. Proc., § 668; *Brown* v. *Barham* (1966) 242 Cal.App. 2d 696, 702 [51 Cal.Rptr. 718]; *Wilson* v. *L. A. County Employees Assn.* (1954) 127 Cal.App.2d 285, 289 [273 P.2d 824].) However, "In those counties where the clerk of the superior court places individual judgments in the file of actions and a microfilm copy of the individual judgments is made prior to their placement in the file of actions the clerk shall not be required to enter judgments in a judgment book, and the date of filing the judgment with the clerk shall constitute the date of its entry." (Code Civ. Proc., § 668.5.) The foregoing procedure is followed in Santa Barbara County, the site of respondent court. Real parties served on petitioner a conformed copy of the judgment which bore a stamp showing that the judgment had been filed with the clerk on March 19, 1982. Thus, petitioner was given written notice, in substance and effect, of the entry of the judgment. No more was required. ■ We emphasize, however, that in counties where the clerk enters judgments in a judgment book (Code Civ. Proc., § 668), the date of filing the judgment with the clerk is not the date of its entry. In such counties notice of entry of judgment, for purposes of Code of Civil Procedure section 659, would consist of mailing either a conformed copy of the judgment showing the date of its entry in the judgment book, or a separate document stating the date of entry. Mailing a copy of the judgment showing merely the date of its filing with the clerk would not constitute notice of entry of judgment.

■ Proof of service of a copy of the judgment on petitioner was not filed until May 24, 1982. Petitioner argues that this fact is significant because Code of Civil Procedure section 664.5 requires that proof of service of the notice of entry of judgment be filed "together with" the original notice. As previously stated, the procedure set forth in section 664.5 is inapplicable in determining, for purposes of section 659, the sufficiency of notice of entry of judgment given by a party. In any event, "'[i]t is the fact that service was made, rather than the proof of service, that vests the court with jurisdiction to act. [Citations.] The jurisdiction of the court does not depend upon the preservation of the proof of service but upon the fact that service has been made.'" (*Call* v. *Los Angeles County Gen. Hosp.* (1978) 77 Cal.App.3d 911, 917 [143 Cal.Rptr. 845]; *Otsuka* v. *Balangue* (1949) 92 Cal.App.2d 788, 791 [208 P.2d 65].)

■ Real parties mailed written notice of entry of judgment to petitioner on March 22, 1982. Eighteen days later, on April 9, 1982, petitioner filed its notice of intention to move for a new trial. Because compliance with the 15-day requirement of section 659 is jurisdictional (*In re Marriage of Beilock* (1978) 81 Cal.App.3d 713, 721 [146 Cal.Rptr. 675]; *Douglas* v. *Janis* (1974) 43 Cal.App.3d 931, 936 [118 Cal.Rptr. 280]), respondent court was without power to entertain the motion and properly denied it.

Alternative writ discharged; peremptory writ denied.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied November 10, 1982. Newman, J., did not participate therein.