[No. A026276. First Dist., Div. Three. Oct. 1, 1984.]

NATIONAL ADVERTISING COMPANY, Plaintiff and Respondent, v. CITY OF ROHNERT PARK et al., Defendants and Appellants.

**Counsel**

John D. Flitner, City Attorney, for Defendants and Appellants.

Stephen L. Barbose and Kenney & Barbose for Plaintiff and Respondent.

**Opinion**

**SCOTT, J.**—Respondent National Advertising Company moves for dismissal of the appeal of appellants, the City of Rohnert Park and City Building Inspector Daniel Logue, on the ground that notice of appeal was not timely filed. Appellants oppose the motion.

 On November 4, 1983, judgment was entered granting a peremptory writ of mandate compelling appellants to issue four building permits to respondent for construction of certain outdoor advertising structures, and declaring a certain city ordinance invalid. According to the declaration of respondent's attorney, Stephen Barbose, copies of the judgment were personally served on appellant Logue and on Rohnert Park's City Treasurer on November 7; proofs of that service were filed with the trial court. In addition, according to the declaration of Barbose's secretary, Leslie Maggio, she hand delivered an endorsed filed copy of the judgment to the office of appellants' attorney, John D. Flitner, on November 10, 1983, between the hours of 8 a.m. and 5 p.m. She left the copy with the person apparently in charge, after being advised that Flitner was not in. Apparently no separate document labeled notice of entry of judgment was served on either appellants or their attorney; however, page 2 of the judgment itself states that it was entered November 4, 1983, "in Judgment Book, Vol. No. 245, page 89." Notice of appeal was filed by appellants on February 15, 1984, more than 90 days after the judgment was delivered to the office of appellants' attorney.

Respondent contends that the notice of appeal was untimely because it was not filed within 60 days after the date of service of written notice of entry of judgment. Appellants argue that notice of entry of judgment was never properly served on their attorney; therefore, they reason, their notice of appeal was timely because it was filed within 180 days of entry of judgment. Appellants do not dispute the facts in Maggio's declaration. Instead, their attorney declares that he has no independent recollection of receiving the judgment; he notes that there is no proof of service on file indicating that he was served. Moreover, appellants argue that there is nothing in the

record to show that the individual who received the judgment was their attorney's agent.

Before we discuss appellants' argument, it is necessary to consider the effect of Code of Civil Procedure section 664.5, which the parties have overlooked. Prior to its amendment in 1981, section 664.5 required that notice of entry of judgment be given by the clerk of the court. (Stats. 1977, ch. 1257, § 26, p. 4765.) As amended, section 664.5 now requires the party submitting a judgment for entry to ". . . prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding," and to "file with the court the original notice of entry of judgment together with the proof of service by mail." Because respondent did not comply with those requirements, were appellants entitled to 180 days after entry of judgment for the filing of their notice of appeal?

In *Tri-County Elevator Co.* v. *Superior Court* (1982) 135 Cal.App.3d 271 [185 Cal.Rptr. 208], the court considered an analogous situation. Code of Civil Procedure section 659 requires a party to file notice of intention to move for new trial within "15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment . . . whichever is earliest . . . ." Respondent mailed a conformed copy of a judgment showing the date of its filing to petitioner; a few days later, the clerk mailed notice of entry of judgment to the parties. Petitioner filed notice of intention to move for new trial more than 15 days after service of the conformed copy. Petitioner argued that because the conformed copy did not meet the requirements of section 664.5, the only notice of entry of judgment was that mailed by the clerk, and his notice of intention was therefore timely. The appellate court disagreed, noting that in section 659, the phrase "pursuant to Section 664.5" applies only to service of notice of entry of judgment by the clerk, not to service by a party. The court concluded that because the Legislature did not change section 659 when it amended section 664.5 to require the party submitting a judgment to give notice of its entry, the Legislature did not intend that new procedure to be applicable for the purpose of determining whether a party had given notice of entry of judgment sufficient to trigger the 15-day period of section 659. Therefore, the court looked to general principles and determined that the conformed copy served by respondent constituted written notice of entry of judgment sufficient to commence the time period. (*Tri-County, supra,* 135 Cal.App.3d at pp. 274-276.)

The language of section 659 is similar to that of rule 2(a) of the California Rules of Court, which provides in pertinent part that notice of appeal must

be filed "within 60 days after . . . mailing notice of entry of judgment by the clerk . . . pursuant to section 664.5 . . . *or* within 60 days after the date of service of written notice of entry of judgment by any party . . . whichever is earliest . . . ." (Italics added.)[1] Section 664.5 is mentioned only in connection with notice by the clerk. Moreover, the version of rule 2(a) in effect from January 1, 1982, to September 22, 1982, expressly provided: "Notice of appeal shall be filed within 60 days after the date of filing a proof of service of notice of entry of judgment pursuant to Code of Civil Procedure section 664.5," but that first sentence has now been deleted. (See *Pacific City Bank* v. *Los Caballeros Racquet & Sports Club, Ltd.* (1983) 148 Cal.App.3d 223, 226, fn. 4 [195 Cal.Rptr. 776].)

In addition, as initially amended in 1981, subdivision (a) of section 664.5 of the Code of Civil Procedure expressly provided: "The time for appeal shall begin on the day the proof of service by mail is filed with the court, . . . ." (Stats. 1981, ch. 904, § 1, p. 3437.) However, the section was again amended effective August 24, 1982; among changes made was the *elimination* of that reference to the time for appeal. The current version of section 664.5 makes no mention of the time for appeal. (Stats. 1982, ch. 559, § 1, pp. 2505-2506.) Accordingly, we conclude that a party's failure to comply with the procedure set forth in section 664.5 does not necessarily mean that he or she has not given notice of entry of judgment sufficient to trigger the 60-day period of California Rules of Court, rule 2(a).

■, ■ We next consider whether the document served by respondent on appellants' counsel was sufficient for that purpose. First, notice of entry of judgment must be in writing. However, no particular form is required; any notice in writing which will convey to a losing party that judgment has been entered is sufficient. (*Tri-County Elevator Co.* v. *Superior Court, supra,* 135 Cal.App.3d at p. 276.) The endorsed copy of the judgment showing the date of its entry in the judgment book was sufficient notice. (*Ibid.*)

■, ■ It is true that no proof of service was filed with the trial court. However, an affidavit may be used to prove service. (Code Civ. Proc., § 2009.) ■ Code of Civil Procedure section 1011 provides that service may be made upon a party's attorney during his absence from his office by leaving the notice with his clerk, or with a person having charge of the

---

[1] Rule 2(a) provides: "Except as otherwise specifically provided by law, a notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3."

office. As is required, the affidavit submitted to this court does show both compliance with the requirements of section 1011, and the existence of the conditions authorizing such service. (See *Mohr* v. *Byrne* (1900) 131 Cal. 288, 289-290 [63 P. 341].) As has been mentioned, appellants' counsel does not dispute the accuracy of the facts in the affidavit; he merely states that there is nothing in the record to show that the party who received the judgment was his agent. However, no such showing is required. (See, e.g., *King* v. *Wilson* (1950) 101 Cal.App.2d 242, 244 [225 P.2d 270] [service of notice of entry of judgment on employee handling switchboard in reception room of law office held sufficient, despite lawyer's affidavit stating that he had not authorized that employee to accept service for him and that she was not his secretary].)

In summary, the document served on appellants' counsel in November 1983 was written notice of entry of judgment sufficient to trigger the 60-day period of California Rules of Court, rule 2(a); therefore, the notice of appeal filed in February 1984 was untimely. As compliance with the time for filing notice of appeal is mandatory and jurisdictional, the appeal of appellants the City of Rohnert Park et al. is dismissed. (*Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831, 835 [187 Cal.Rptr. 449, 654 P.2d 219].) This dismissal does not affect respondent's cross-appeal from the order denying attorney's fees.

The appeal from the judgment granting a peremptory writ of mandate is dismissed.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied October 31, 1984, and the opinion and judgment were modified to read as printed above.