[No. B039523. Second Dist., Div. Three. Dec. 12, 1989.]

KENNETH TEN EYCK, Plaintiff and Appellant, v.
INDUSTRIAL FORKLIFTS CO., Defendant and Respondent;
FREMONT COMPENSATION INSURANCE COMPANY,
Intervener and Appellant.

**COUNSEL**

Michael J. Piuze for Plaintiff and Appellant.

Sobelsohn, Bradford & Haddad and Bruce B. Neft for Intervener and Appellant.

McHale & Conner and Bruce Janger for Defendant and Respondent.

**OPINION**

**CROSKEY, J.**— ██ ██ ██ Kenneth Ten Eyck (plaintiff) appeals from an order of the Los Angeles Superior Court which granted a motion

for summary judgment in favor of defendant Industrial Forklifts Co. (Industrial).[1] For the reasons discussed below, his appeal is untimely and must be dismissed.

## PROCEDURAL BACKGROUND

On October 3, 1985, plaintiff filed a complaint for personal injuries against Industrial and two other defendants, Clark-Lift of Los Angeles, Inc. and Clark Equipment & Industrial Truck Division (hereinafter sometimes referred to collectively as the defendants). In the complaint, plaintiff alleged causes of action for negligence, strict products liability and breach of warranty. According to the complaint, plaintiff was using a forklift tractor, a Clark Forklift, which had been designed, manufactured and maintained by defendants. Plaintiff alleged that the defendants' design, manufacture and maintenance was so negligent that it caused the forks of the forklift to drop without warning, thereby causing serious and permanent injury to plaintiff.

Industrial filed an answer generally denying the charging allegations and alleging that plaintiff's own negligence caused his injuries. On September 19, 1988, Industrial filed a motion for summary judgment which plaintiff opposed. The trial court granted the motion on October 28, 1988, and the judgment was signed by the court and file stamped on November 2, 1988. Industrial served plaintiff with a notice of entry of judgment on November 8, 1988.

On November 7, 1988, plaintiff filed a motion for reconsideration of the order granting summary judgment. Industrial filed opposition to plaintiff's motion. The record does not reflect whether the trial court denied the motion for reconsideration or granted it but affirmed the order as to which plaintiff sought reconsideration. In any event, it appears the motion was not heard and ruled upon until January 6, 1989.

On January 10, 1989, plaintiff filed his notice of appeal from the "judgment rendered by the court in this matter on October 28, 1988," that is, from the minute order granting the motion for summary judgment.

When the record on appeal was received by this court it did not contain a copy of the summary judgment. Believing that no judgment had yet been entered and that plaintiff's notice of appeal was therefore premature, we directed Industrial to obtain a signed summary judgment so that this appeal

---

[1] As this court has had to instruct so many times in the past, an order granting a motion for summary judgment is not an appealable order. However, the summary judgment itself is appealable. We therefore treat this appeal as one made from the summary judgment which was signed by the court on November 2, 1988.

could be considered. (*Wolfrich Corp.* v. *United Services Automobile Assn.* (1983) 149 Cal.App.3d 1206, 1208, fn. 2 [197 Cal.Rptr. 446], disapproved on another point in *Doctors' Co.* v. *Superior Court* (1989) 49 Cal.3d 39 [260 Cal.Rptr. 183, 775 P.2d 508].) Upon Industrial's request for such a judgment, the trial court sent a letter to counsel for Industrial stating that a judgment had indeed been signed by the judge and file stamped by the clerk on November 2, 1988. The letter states, however, that the judgment had not been entered in the register of actions. Therefore, the trial court entered it in the register of actions on September 8, 1989.

Because the judgment was signed and file stamped on November 2, 1988, and Industrial's notice of entry was served November 8, 1988, it appeared to this court that plaintiff's notice of appeal, which was filed January 10, 1989, was untimely by one day. We therefore requested letter briefs from the parties on the issue of the timeliness of the appeal, including a discussion of what effect, if any, plaintiff's motion for reconsideration had on the matter.

## Discussion

■ Under California Rules of Court, rule 2,[2] plaintiff's appeal had to be filed within 60 days after Industrial served him with written notice of entry of judgment. Such notice was served on November 8, 1988. The last day to file plaintiff's notice of appeal was therefore January 9, 1989.[3] Plaintiff's appeal was not filed until January 10, 1989. However, plaintiff argues that because the judgment was not entered in the register of actions until September 1989, Industry's November 8, 1988, notice of entry of judgment was ineffectual for purposes of rule 2.

Entry of a judgment in the register of actions is not specifically mentioned in rule 2. Rule 2(b) states that the date of entry of a judgment is either (1) the date of its entry in the judgment book or (2) (in those counties which

---

[2] Unless otherwise indicated, all references to rules herein are to the California Rules of Court and all statutory references are to the Code of Civil Procedure.

Rule 2 states in pertinent part: "(a) Except as otherwise provided by Code of Civil Procedure section 870 or other statute, a notice of appeal shall be filed . . . within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal . . . .

"(b) For the purposes of this rule: (1) The date of entry of a judgment shall be the date of its entry in the judgment book or, in a county following the procedure specified in Code of Civil Procedure Section 668.5 in lieu of maintaining a judgment book, the date of filing the judgment with the clerk pursuant to that section."

[3] The 60th day after November 8, 1988, was a Saturday, January 7, 1989. Time to file a notice of appeal was therefore extended to the following Monday. (§ 12a.)

follow one of the three procedures set out in section 668.5,[4] as does the County of Los Angeles) the date of filing the judgment with the clerk. By its language alone, the first of these two alternatives in rule 2(b) does not contemplate that entry of the judgment in the register of actions is necessary in order for a judgment to be considered "entered." Plaintiff cites no cases which hold that entry in the register of actions as well as in the judgment book is necessary, and we know of none. Indeed, as of January 1, 1982, a superior court's use of the register of actions became optional. (Gov. Code, § 69845.)

Nor is the result any different under rule 2(b)'s second alternative for accomplishing entry of a judgment. We hold that the word "filing," as used in rule 2(b)'s directive, that "The date of entry of a judgment shall be . . . the date of filing the judgment with the clerk pursuant to [section 668.5]," requires only that the judgment be signed by the judge and file stamped by the clerk; it does not require that the judgment be entered in the register of actions.

Another court has, in effect, held that section 668.5's and rule 2(b)'s use of the word "filing" does not include the clerk's act of microfilming the judgment in those counties which microfilm judgments in lieu of entering them in a judgment book. (*Hott* v. *Southern Pac. Pipe Lines, Inc.* (1977) 75 Cal.App.3d 826 [142 Cal.Rptr. 507].) Logically then, "filing" also does not include the other two procedures which section 668.5 allows as substitutes for use of a judgment book, that is, (1) entry of the judgment in a register of actions or (2) entry of the judgment into the court's electronic data-processing system.

*Tri-County Elevator Co.* v. *Superior Court* (1982) 135 Cal.App.3d 271, 276 [185 Cal.Rptr. 208] also provides some guidance. There the court stated that "Ordinarily, entry of a judgment consists of copying it at large in the judgment book which the clerk keeps among the records of the court. [Citations.]" The court noted that the superior court in that case (Santa Barbara County) followed section 668.5's alternative procedure and microfilmed its judgments. In determining whether the appellant had received *a proper notice of entry of judgment*, the court stated: "Real parties served on petitioner a conformed copy of the judgment which bore a stamp showing that the judgment had been filed with the clerk on March 19, 1982.

---

[4] Section 668.5 states: "In those counties where the clerk of the court places individual judgments in the file of actions and either [1] a microfilm copy of the individual judgment is made, or [2] the judgment is entered in the register of actions, or [3] into the court's electronic data-processing system, prior to placement of the judgment in the file of actions, the clerk shall not be required to enter judgments in a judgment book, *and the date of filing the judgment with the clerk shall constitute the date of its entry.*" (Italics added.)

Thus, petitioner was given written notice, in substance and effect, of the entry of the judgment." (*Ibid.*) The court did not add that microfilming the judgment (the functional equivalent, under section 668.5, of the Los Angeles court's practice of entering the judgment in the register of actions) was required before the judgment could be considered to be entered.

We hold that section 668.5's and rule 2(b)'s use of the word "filing" does not include or require entry of the judgment in the register of actions or entry of the judgment in the court's electronic data-processing system or microfilming the judgment. Thus, the fact that in the instant case the judgment was not entered in the register of actions until September 1989 is of no consequence to the issue of the timeliness of this appeal. ■ Also of no consequence is the fact that plaintiff filed a motion for reconsideration.

Under rule 3, a valid motion for reconsideration, like a valid motion for new trial or a valid motion to vacate a judgment, will extend the time for filing a notice of appeal. (*Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151, 1158-1160 [250 Cal.Rptr. 435].) In the instant case, plaintiff's motion for reconsideration did not have that effect because it was filed *after* the judgment was signed and was therefore invalid. (*Eddy* v. *Sharp* (1988) 199 Cal.App.3d 858, 863 [245 Cal.Rptr. 211], fn. 3; *Magallanes* v. *Superior Court* (1985) 167 Cal.App.3d 878, 882 [213 Cal.Rptr. 547]; see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1989) Summary Judgment, §§ 10:183-10:188.) Thus, the motion for reconsideration did not extend the January 9, 1989, deadline for filing plaintiff's notice of appeal.

Notwithstanding such a conclusion, plaintiff argues that equity warrants this appeal going forward because at the hearing on his motion for reconsideration, the trial court orally commented that the motion was timely[5] and therefore he "justifiably relied upon the apparent availability of relief under Section 1008." He argues that he promptly filed his appeal just four days after the motion for reconsideration was denied. We reject this contention.

Plaintiff seeks to shift his errors to the trial court. Plaintiff's counsel was duty-bound to know the rules of civil procedure, and once he received the notice of entry of judgment he should have abandoned the motion for reconsideration and filed a notice of appeal.[6] In addition, assuming arguen-

---

[5] A fair reading of the reporter's transcript for the hearing on plaintiff's motion for reconsideration shows that it is unclear whether the trial court was referring to plaintiff's motion or to another motion for reconsideration which the trial court had on calendar that same day. However, the ambiguity is not important.

[6] By this statement we do not mean to say that we approve of the practice in some trial courts of signing judgments before the time has expired for filing motions for reconsideration or objections to the proposed judgment.

do that the trial court was speaking of plaintiff's motion when it stated that the motion was timely filed, we do not believe that a trial court's pronouncement that a motion was timely under section 1008 can negate established law governing procedures for attacking summary judgments, such as *Eddy* v. *Sharp, supra,* 199 Cal.App.3d at page 863, footnote 3 and *Magallanes* v. *Superior Court, supra,* 167 Cal.App.3d at page 882.

## CONCLUSION

As plaintiff's notice of appeal was not filed until January 10, 1989, it was not timely and his appeal must be dismissed.

## DISPOSITION

The appeal is dismissed. Costs on appeal to Industrial Forklifts Co.

Klein, P. J., and Arabian, J., concurred.

The petition of appellant Ten Eyck for review by the Supreme Court was denied March 1, 1990. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.