[No. S104997. June 26, 2003.]

DEBBIE PALMER, Plaintiff and Appellant, v.
GTE CALIFORNIA, INC., Defendant and Appellant

**COUNSEL**

Law Offices of Kerry R. Tepper, Kerry R. Tepper; Law Offices of Louis E. Goebel and Louis E. Goebel for Plaintiff and Appellant.

Sullivan, Sottile & Taketa, Mark Sullivan, Timothy B. Sottile, Donn S. Taketa; Paul, Hastings, Janofsky & Walker, Paul Grossman, George W. Abele and Heather A. Morgan for Defendant and Appellant.

**OPINION**

**KENNARD, J.**—Motions for a new trial or for judgment notwithstanding the verdict are subject to strict time limits that begin to run when the party seeking such relief is served with a written notice of entry of judgment. (Code Civ. Proc., §§ 629, 659, 660.)[1] A party intending to move for a new trial or for judgment notwithstanding the verdict must do so within 15 days of such service. (§§ 659, 629.)

Is the statutory requirement of giving written notice of entry of judgment satisfied by serving a copy of the file-stamped judgment? The answer is "yes," at least in every county that no longer maintains a judgment book.[2] To start the statutory time periods for bringing and ruling on motions for a new

---

[1]All further statutory references are to the Code of Civil Procedure.

[2]Under the traditional method for "entering" a civil judgment in California, dating from the Statutes of 1851 (Stats. 1851, ch. 8, § 201, p. 82), the clerk of the superior court made a notation in a book known as the "judgment book." (*County of Los Angeles v. Ranger Ins. Co.* (1994) 26 Cal.App.4th 61, 63 [31 Cal.Rptr.2d 257].) Under this traditional method, entry of judgment could occur on a day other than the day on which the clerk filed the original

trial and for judgment notwithstanding the verdict, it is not necessary to serve on the opposing party a separate document entitled "notice of entry of judgment" and to file in the trial court that document, as well as a copy of the judgment and proof of its service.

## I

Plaintiff Debbie Palmer began working for defendant GTE California, Inc. (GTE), in 1979. In April 1995, Palmer sued GTE and two supervisors in superior court for sexual harassment, workplace discrimination, and false imprisonment. In 1998, the trial court granted summary judgment to the individual defendants. On February 11, 1999, after several weeks of trial, the jury returned a special verdict finding GTE liable for $790,000 in damages to Palmer on her claims of gender harassment in the workplace and false imprisonment.

On February 24, 1999, judgment was entered. On February 26, 1999, Palmer's attorney mailed to GTE's counsel a photocopy of the file-stamped and dated judgment. GTE's counsel and the courtroom clerk then told Palmer's attorney that serving a photocopy of the conformed judgment did not comply with section 664.5, which requires that a document entitled "notice of entry of judgment" be prepared, served, and filed in the trial court along with proof of its service. In response, Palmer's counsel on March 10, 1999, filed in the trial court a document entitled "notice of entry of judgment," to which were attached a copy of the judgment, a proof of the earlier service by mail on February 26 of the conformed copy of the judgment, and a proof of service by mail on March 9 of the notice of entry of judgment.

On March 24, 1999, 26 days after Palmer had served GTE with a copy of the conformed judgment, GTE moved for judgment notwithstanding the

---

judgment in the superior court file; therefore, giving notice of the filing date did not give notice of the date of entry.

In 1974, by enacting section 668.5, the Legislature provided an alternative method for entering a judgment. (Stats. 1974, ch. 1169, § 2, p. 2503; see also Stats. 1983, ch. 464, § 1, p. 1794 [amending § 668.5].) Under section 668.5, a county may dispense with the judgment book if, before filing the original judgment in the superior court file, the clerk records the judgment on microfilm or enters it either in the register of actions or in the court's electronic data-processing system. Under this newer method, "the date of filing the judgment with the clerk shall constitute the date of its entry." (§ 668.5.)

Today, few if any counties in this state still use the traditional judgment book system for entering judgments. In counties using the newer system, a judgment's date of filing, as shown on a file stamp, is the judgment's date of entry. Thus, in these counties, serving a file-stamped copy of a judgment gives notice of the judgment's date of entry.

Given the near universal adoption of the newer system, the concept of "entry," as distinct from filing, appears to have lost its utility, and its survival has become a frequent source of confusion, as this case illustrates. Its complete removal from our system of civil procedure will, however, require an extensive statutory revision by the Legislature.

verdict and filed notice of its intention to move for a new trial. On May 3, 1999, 66 days after Palmer served the copy of the conformed judgment, the trial court made its rulings. On Palmer's claim of gender harassment in the workplace, the court granted GTE's motion for judgment notwithstanding the verdict, and, if its order were to be vacated or set aside on appeal, the court alternatively ordered a new trial on that claim. On Palmer's claim of false imprisonment, the court denied GTE's motion for judgment notwithstanding the verdict, but it ordered a new trial on that claim unless Palmer consented to having the $175,000 awarded on that claim reduced to $35,000.

Palmer moved to strike these orders because GTE had not filed its moving papers within the 15-day jurisdictional window after the date of "service . . . by any party of written notice of entry of judgment" (§ 659), and because the trial court had not ruled on the motions within the 60-day jurisdictional period after such service (§ 660). The trial court denied Palmer's motion.

On July 1, 1999, Palmer filed a notice of appeal from the order granting a new trial on the false imprisonment claim and granting judgment notwithstanding the verdict on the gender harassment claim. On July 20, GTE filed its notice of appeal from the judgment and from the order denying GTE's motion for judgment notwithstanding the verdict on the claim of false imprisonment.

On appeal, Palmer argued that GTE's motions for a new trial and for judgment notwithstanding the verdict were untimely, and therefore the trial court's order granting those motions was void, having been made after the trial court's jurisdiction had lapsed. The Court of Appeal agreed. Citing sections 659 and 660, it concluded that the time limits for bringing and ruling on these posttrial motions are triggered by serving "written notice of entry of judgment." (§§ 659, subd. 2, 660.)

The Court of Appeal rejected GTE's contention that to start the time frames for these posttrial motions the serving party must not only serve written notice of entry of judgment, as required by sections 629, 659, and 660, but must also comply with additional requirements set out in section 664.5. Section 664.5 provides that "the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties" and "shall file with the court the original notice of entry of judgment together with the proof of service." (§ 664.5, subd. (a).) GTE argued below, as it does here, that these posttrial motion time frames begin only when, in addition to serving written notice that judgment has been entered, the party giving notice files in the trial court an original notice

of entry of judgment document, accompanied by proof of its service. Rejecting that view, the Court of Appeal concluded that a written notice of entry of judgment served by a party need not be served pursuant to section 664.5 to start the statutory 15-day period (§ 659) for a party to move for a new trial or for judgment notwithstanding the verdict or to start the 60-day period (§ 660) for the court to rule on the motions.

Thus, the Court of Appeal held that GTE had not timely moved for a new trial or for judgment notwithstanding the verdict, rendering void the trial court's order granting those two motions. Because the filing of the two motions did not extend the time to appeal, however, the Court of Appeal found plaintiff Palmer's notice of appeal to be untimely, having been filed more than 60 days after she served GTE with "a document entitled 'notice of entry' of judgment." (Cal. Rules of Court, former rule 2(a)(2).) GTE's cross-appeal was timely, but the Court of Appeal concluded there was substantial evidence to support the jury's verdict in favor of Palmer on her claims of false imprisonment and gender harassment in the workplace, and thus upheld the judgment.

We granted GTE's petition for review because of disagreement in the Courts of Appeal on what constitutes service of notice of entry of judgment sufficient to trigger the statutory deadlines for bringing and determining motions for a new trial and judgment notwithstanding the verdict.

## II

Defendant GTE frames the question before us this way: "What act commences the jurisdictional time frame for filing and deciding posttrial motions" when the clerk of the court does not mail notice of entry of judgment to the parties? To answer that question, we must consider the interplay between section 664.5, which describes mailing notice of entry of judgment, and sections 629, 659, and 660, which govern the filing of posttrial motions for a new trial and judgment notwithstanding the verdict.

Section 664.5 provides: "In any contested action or special proceeding . . . the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared . . . and shall file with the court the original notice of entry of judgment together with the proof of service by mail." (§ 664.5, subd. (a).) Citing that language, GTE argues that the jurisdictional time for filing and ruling on motions for a new trial or for judgment notwithstanding the verdict is triggered only by serving a document entitled "notice of entry of judgment," and filing in the trial court the original document and proof of its service. We disagree.

## A. *The Statutory Scheme*

A motion for judgment notwithstanding the verdict (§ 629) or a notice of intention to move for a new trial (§ 659) may be filed with the court clerk and served on each adverse party "[b]efore the entry of judgment." (§ 659, subd. 1.) Otherwise, they must be brought by the earliest of three deadlines: (1) within 15 days of "the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5"; (2) within 15 days of service on the moving party "by any party of written notice of entry of judgment"; or (3) "within 180 days after the entry of judgment." (§§ 629, 659, subd. 2.) The 60 days during which the trial court has jurisdiction to rule on such a motion is similarly linked to the clerk's mailing or a party's service of written notice of entry of judgment.[3] Neither section 659 nor section 660 expressly requires the party serving notice either to prepare a separate document entitled "notice of entry of judgment" or to file any document.

In construing a statute, our role is limited to ascertaining the Legislature's intent so as to effectuate the purpose of the law. (*Hunt v. Superior Court* (1999) 21 Cal.4th 984, 1000 [90 Cal.Rptr.2d 236, 987 P.2d 705]; *People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) We look first to the words of the statute because they are the most reliable indicator of legislative intent. (*In re J.W.* (2002) 29 Cal.4th 200, 209 [126 Cal.Rptr.2d 897, 57 P.3d 363].) If the statutory language on its face answers the question, that answer is binding unless we conclude the language is ambiguous or it does not accurately reflect the Legislature's intent. (*People v. Broussard* (1993) 5 Cal.4th 1067, 1071-1072 [22 Cal.Rptr.2d 278, 856 P.2d 1134]; *Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672]; see *Esberg v. Union Oil Co.* (2002) 28 Cal.4th 262, 268 [121 Cal.Rptr.2d 203, 47 P.3d 1069].)

As the Court of Appeal noted, the posttrial motion sections (§§ 659, 660) involved here peg their jurisdictional time limits to mailing of notice of entry of judgment by the clerk of the court pursuant to section 664.5, but neither section refers to section 664.5 in describing service by a party. Thus, the

---

[3]"[T]he power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment . . . ." (§ 660.)

"The court shall not rule upon the motion for judgment notwithstanding the verdict until the expiration of the time within which a motion for a new trial must be served and filed, and if a motion for a new trial has been filed with the court by the aggrieved party, the court shall rule upon both motions at the same time. The power of the court to rule on a motion for judgment notwithstanding the verdict shall not extend beyond the last date upon which it has the power to rule on a motion for a new trial." (§ 629.)

plain language of sections 659 and 660 expressly incorporates the provisions of section 664.5 only when the court clerk mails notice of entry of judgment.

Instead of looking first to the language of posttrial motion sections 629, 659, and 660, which govern the trial court's jurisdiction over motions for a new trial and judgment notwithstanding the verdict, GTE looks first at section 664.5 to determine what it requires of a party represented by counsel who submits a judgment (or order) for entry.

Section 664.5 requires the party who has submitted a judgment to the trial court for entry to prepare a separate document entitled "notice of entry of judgment," to mail a copy "to all parties who have appeared," and to file in the trial court the original notice of entry and proof of its service on the opposing party by mail. (§ 664.5, subd. (a).) GTE argues that both the language of section 664.5 and this court's opinion in *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51 [61 Cal.Rptr.2d 166, 931 P.2d 344] (*Van Beurden*), which we discuss in part C., *post*, compel reading *all* the requirements of section 664.5 into the posttrial motion sections, which say nothing about several of these formalities.

As noted earlier, section 664.5 provides that in "any contested action . . . the *party* submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared . . . and shall file with the court the original notice of entry of judgment together with the proof of service by mail." (§ 664.5, subd. (a), italics added.) The Legislature revised this provision in 1981 and 1982 in response to trial courts' concern over the costs entailed by the existing requirement that the *court clerk* mail to the parties all notices of entry of judgment. (Stats. 1981, ch. 904, § 1, p. 3437; Stats. 1982, ch. 559, § 1, pp. 2505-2506; Sen. Com. on Judiciary, Background of Assem. Bill No. 1925 (1981-1982 Reg. Sess.) June 25, 1981, p. 1.) The legislative history indicates a concern that the added language does "not speak to" what event triggers the time limits for "motions for new trial or motions to vacate." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1925 (1981-1982 Reg. Sess.), as amended May 27, 1981, p. 3.) Notwithstanding that prescient expression of concern, the Legislature has not amended the relevant provision of the posttrial motion sections since 1982, when it amended section 664.5[4] to place the burden on the party submitting a judgment to prepare, file, and serve notice of its entry. Thus,

---

[4]The 1982 amendment to section 664.5 excluded certain family law matters from the general rule in civil actions that the prevailing party prepare and mail notice of entry of judgment, and instead left the responsibility for giving such notice with the court clerk. (Stats. 1982, ch. 559, § 1, pp. 2505-2506.) Notice of entry of judgment in many family law

those sections continue to peg their time limits to "service . . . by any party of written notice of entry of judgment." (§§ 659, 660.)

### B. *Court of Appeal Cases Before Our 1997 Decision in Van Beurden*

In light of the nonparallel provisions of the two statutory schemes at issue, one for entry of judgment and one for posttrial motions, it is not surprising that the issue of deadlines for posttrial motions has been addressed in a number of Court of Appeal decisions.

In *Tri-County Elevator Co. v. Superior Court* (1982) 135 Cal.App.3d 271 [185 Cal.Rptr. 208] (*Tri-County*), the prevailing party on March 22, 1982, mailed to the losing party a conformed copy of the judgment showing the date on which it was filed. On March 29, the court clerk mailed notice of entry of judgment to the losing party, which did not file its notice of intention to move for a new trial until April 9, 1982. (*Id.* at p. 274.) The trial court denied the motion because it was filed 18 days after service of the conformed copy of the judgment and therefore beyond the 15-day jurisdictional window in which a notice of intention to move for a new trial must be filed. (*Ibid.*)

The Court of Appeal denied writ relief to the losing party. The court concluded that once section 664.5 had been amended to impose "the duty of giving notice of entry" on the party submitting the judgment for entry, a party who served an adverse party with a "conformed copy of the judgment" showing the date the judgment had been filed with the court clerk had in fact given "written notice, in substance and effect, of the entry of the judgment" sufficient to trigger the 15-day period to file a notice of intention to move for a new trial under section 659. (*Tri-County, supra,* 135 Cal.App.3d at pp. 275-276.) This was true because the judgment was filed in a county that did not maintain a judgment book, but instead kept a copy of the judgment in its file of actions. (*Id.* at p. 276.) The date of filing such a judgment with the clerk is "the date of its entry." (§ 668.5.) The Court of Appeal rejected the contention that the prevailing party's failure to file its proof of service on the opposing party at the same time it filed notice of entry of judgment (§ 664.5) was a failure by the prevailing party to comply with the requirements of section 659. (*Tri-County, supra,* at p. 277.) In sum, the Court of Appeal concluded that "the procedure set forth in section 664.5 is inapplicable in determining, for purposes of section 659, the sufficiency of notice of entry of judgment *given by a party*." (*Ibid.*, italics added.)

That reasoning was followed by the Court of Appeal in *National Advertising Co. v. City of Rohnert Park* (1984) 160 Cal.App.3d 614 [206 Cal.Rptr.

---

proceedings must be made on a standard Judicial Council form. (See Cal. Rules of Court, rule 5.134.)

696], which addressed a related problem of the timeliness of a notice of appeal. At issue there was a rule of court governing the deadlines for filing a notice of appeal. (Cal. Rules of Court, former rule 2(a).) The relevant version of rule 2(a) required "service of written notice of entry of judgment . . . upon the party filing the notice of appeal." (*National Advertising, supra,* 160 Cal.App.3d at p. 618, fn. 1.) Relying on *Tri-County*'s reading of section 659's parallel language calling for "written notice of entry of judgment," the Court of Appeal in *National Advertising* concluded that serving an "endorsed copy of the judgment showing the date of its entry" was service of a document sufficient to give written notice of entry of judgment so as to start the 60-day period for filing a notice of appeal. (*National Advertising, supra,* 160 Cal.App.3d at p. 618.)

And in *Ramirez v. Moran* (1988) 201 Cal.App.3d 431 [247 Cal.Rptr. 117], the Court of Appeal held that a conformed copy of a judgment was a document sufficient to give written notice of the entry of judgment to start the time in which a posttrial motion must be brought. In *Ramirez*, the defendant's counsel mailed a conformed copy of the judgment to the plaintiff's counsel along with a cover letter mentioning enclosure of a conformed copy. (*Id.* at p. 436.) The Court of Appeal concluded that these documents gave "sufficient" notice of entry of judgment to trigger the 15 days in which the plaintiff had to file his notice of intention to move for a new trial (§ 659), notwithstanding the absence of a "customary proof of service" in the form of an affidavit (see § 1013a). (*Ramirez, supra,* 201 Cal.App.3d at p. 436.) What matters, the Court of Appeal said, is not proof of service, but the sufficiency of notice of entry of judgment. (*Ibid.*)

C.   *This Court's Decision in Van Beurden*

In 1997, this court decided *Van Beurden, supra,* 15 Cal.4th 51. The question there was whether the *court clerk's* mailing to the parties of a file-stamped copy of the judgment with proof of service triggered section 660's 60-day period in which a trial court must rule on a motion for a new trial. We held that to be a clerk's mailed notice of entry of judgment under section 664.5, the notice "must affirmatively state that it was given upon 'order of the court' or 'under section 664.5.' " (*Van Beurden, supra,* 15 Cal.4th at p. 64.) The file-stamped copy of the judgment sent by the clerk did neither.

Unless the motion for a new trial was timely, it did not extend the time to appeal. Accordingly, we observed that the copy of the superior court clerk's mailed notice and the certificate of its mailing maintained in the court file would permit "an appellate court" to "readily determine whether an appeal was timely." (*Van Beurden, supra,* 15 Cal.4th at pp. 64-65.)

Having found that the notice sent by the clerk (§ 664.5, subd. (b)) was insufficient to start the 15-day period in which to file a notice of intention to move for a new trial, the *Van Beurden* court addressed whether any other event had triggered the 15-day period. The court stated that unless notice consistent with its reading of section 664.5 is given by the clerk, "the time for ruling on a motion for a new trial will be shortened *only* if the party submitting the order or judgment for entry serves notice of entry of judgment on all the parties, files the original notice with the court, and files a proof of service" as provided in section 664.5, subdivision (a)(2). (*Van Beurden, supra,* 15 Cal.4th at p. 65, italics added.) This comment was made without reference to the facts in *Van Beurden,* because there the prevailing party had made no attempt to give notice of entry of judgment to the party filing a notice of intention to move for a new trial.

As discussed below, the Courts of Appeal have sought, with difficulty, to reconcile that comment in *Van Beurden* with the statutory language of the posttrial motion statutes and with the pre-*Van Beurden* cases, which required neither a separate document entitled "notice of entry of judgment" nor a filing of that document in the trial court along with a proof of service.

### D. *Court of Appeal Decisions After Van Beurden*

In *People ex rel. Dept. of Transportation v. Cherry Highland Properties* (1999) 76 Cal.App.4th 257 [90 Cal.Rptr.2d 214] (*Cherry Highland*), the Court of Appeal addressed the question of what event would trigger section 660's 60-day period in which a trial court must rule on a motion for a new trial. The action was a condemnation in which the state prevailed; the property owner, however, objected to the proposed judgment and submitted its own judgment. When the court signed the property owner's judgment, the property owner on July 8, 1998, mailed to the state a notice of the entry of judgment. On July 20, the property owner filed in the trial court a notice of its intention to move for a new trial, and it filed proof of service of the notice of entry it had mailed on July 8. (*Cherry Highland,* at p. 261.) The Court of Appeal sought to reconcile section 664.5, which controls notice of entry of judgment, with section 660, which defines the jurisdictional time limit for ruling on a new trial motion.

Section 660 provides: "[T]he power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk . . . or 60 days from and after service on the moving party by any party of written notice of the entry of judgment," or if such notice is not given, "then 60 days after filing of the first notice of intention to move for a new trial." The Court of Appeal in *Cherry Highland* concluded

that under the express language of section 660 the operative act was service of notice *on the moving party*. The court reasoned that because the property owner was the moving party, it could not serve itself, and therefore the "time within which to rule on the new trial motion . . . did not begin until" the property owner on July 20, 1998, filed its notice of intention to move for a new trial. (*Cherry Highland, supra,* 76 Cal.App.4th at p. 263.)

Alternatively, the Court of Appeal in *Cherry Highland* rested its holding on the statement in *Van Beurden, supra,* 15 Cal.4th at page 65, that the time for ruling on a motion for a new trial " 'will be shortened only if the party submitting the order or judgment for entry [under section 664.5] serves notice of entry of judgment on all the parties, files the original notice with the court, and files a proof of service.' " (*Cherry Highland, supra,* 76 Cal.App.4th at p. 261.) Applying that language, the Court of Appeal concluded that the jurisdictional 60-day period for the trial court to rule on the property owner's new trial motion began only on July 20, 1998, when the owner *filed* proof of serving notice of entry of judgment. (*Ibid.*)

The next year, in *Dodge v. Superior Court* (2000) 77 Cal.App.4th 513 [91 Cal.Rptr.2d 758] (*Dodge*), a different division of the same Court of Appeal that had decided *Cherry Highland* addressed section 660 but reached a different result. On February 11, 1999, after the jury in *Dodge* returned a verdict for the plaintiff, he personally served defense counsel with conformed copies of the judgment. On February 19, the defendants moved for a new trial and for judgment notwithstanding the verdict. The court did not enter its minute order granting a new trial, however, until the 61st day after service of the judgment. The plaintiff moved to strike the order because it was made beyond section 660's 60-day period. The trial court denied the motion. Citing *Van Beurden, supra,* 15 Cal.4th 51, the court concluded that the plaintiff had failed to comply with section 664.5 because he had served on the defendants merely a conformed copy of the judgment rather than a document entitled "notice of entry of judgment," plus the filing in the trial court of such notice and proof of its service. Accordingly, the trial court ruled that the 60 days did not begin to run until the defendants filed a notice of intention to move for a new trial.

The Court of Appeal disagreed. It found section 664.5 irrelevant because notice of entry of judgment was not mailed, as contemplated by that section, either by the plaintiff or the court clerk, but instead was personally served on the opposing party. After examining the language of section 660, the court concluded that "[t]he triggering event" under section 660 is " 'service on the moving party,' *not* filing the proof of service." (*Dodge, supra,* 77 Cal.App.4th at p. 520.) It explained: "The language is perhaps tacit admission of the fact that parties often file proof of service at a later date,

particularly where as here they use a registered process server and may not have immediate access to the proof of service." (*Id.* at p. 522.)

In the context of the cases discussed above, the Court of Appeal here concluded that "Palmer's service of a file-stamped copy of the judgment was written notice of entry of judgment under sections 659 and 660" sufficient to start the requisite time limits for moving for a new trial or for judgment notwithstanding the verdict and for ruling on those motions. In the Court of Appeal's view, the operative act under sections 659 and 660 was service, and therefore it was "immaterial" whether service is personal or by mail.

## III

■ Like the Court of Appeal here, we conclude that under the express terms of sections 629, 659, and 660, the time limits for bringing and ruling on motions for a new trial and for judgment notwithstanding the verdict start to run either on the date of the court clerk's mailing or on the date of service on the moving party of notice of entry of judgment. To be service "pursuant to Section 664.5" (§§ 659, 660) the notice of entry of judgment mailed by the clerk must "affirmatively state" it is given " 'upon order by the court' or 'under section 664.5' " (*Van Beurden, supra,* 15 Cal.4th at p. 64). Otherwise, the time limits for motions for a new trial or for judgment notwithstanding the verdict (§ 629) are triggered by service on the moving party of "written notice" of the "entry of judgment." (§§ 659, 660.) When the moving party is served by mail, service is complete at the time the notice of entry of judgment is deposited in the mailbox. (§ 1013, subd. (a); *Westrec Marina Management, Inc. v. Jardine Ins. Brokers Orange County, Inc.* (2000) 85 Cal.App.4th 1042, 1048 [102 Cal.Rptr.2d 673].)

The written notice of entry of judgment served on the party who moves for a new trial need not, for the purposes of these sections, be a separate document entitled "notice of entry of judgment." We have long held that no particular form of notice is required, and that in counties that do not maintain a judgment book a file-stamped copy of the judgment suffices as "written notice" for these sections. (*Van Beurden, supra,* 15 Cal.4th at p. 57, fn. 2; *McCordic v. Crawford* (1943) 23 Cal.2d 1, 5 [142 P.2d 7]["Section 660 . . . does not in fact prescribe any set form of notice"].)

Finally, nothing in sections 629, 659, or 660 expressly requires the party serving written notice of entry of judgment to file any document with the trial court. When this court in *Van Beurden, supra,* 15 Cal.4th at page 65, said that "the time for ruling on a motion for a new trial will be shortened *only* if the party submitting the order or judgment for entry serves notice of

entry of judgment on all the parties, files the original notice with the court, and files a proof of service" (italics added), it overstated the statutory requirements. If a prevailing party, consistent with section 664.5, serves written notice of the entry of judgment on the party moving for new trial and files the original notice of entry and a proof of service, the prevailing party necessarily will have complied with sections 659 and 660 by "serving written notice" on a party that intends to move for a new trial. The posttrial motion statutes do not, however, *require* filing of the original notice of entry (or of a file-stamped copy of the judgment) accompanied by proof of service in order to start the time limits for bringing and determining the posttrial motions. *Van Beurden*'s suggestion that more is required by a party to trigger the time limits for a new trial or for judgment notwithstanding the verdict is dictum because it was unnecessary to its holding.[5] " 'Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered.' " (*People v. Scheid* (1997) 16 Cal.4th 1, 17 [65 Cal.Rptr.2d 348, 939 P.2d 748], quoting *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

GTE contends that because section 664.5 speaks of a separate document entitled "notice of entry of judgment," such a document is likewise required for notice of entry of judgment sufficient to start the deadlines for motions for a new trial and for judgment notwithstanding the verdict. In support, GTE cites to rule 2(a) of the Rules of Court, governing the time limits for filing an appeal. In 1999, the year of the events at issue here, rule 2(a) provided that "a notice of appeal from a judgment shall be filed on or before" 60 days after the clerk mails notice of entry of judgment or "60 days after the date of service of a document entitled 'notice of entry' of judgment" by or on the party filing the notice of appeal. (Cal. Rules of Court, former rule 2(a).) At most this provision confirms our view that the requirements of section 664.5 (party submitting a judgment for entry must prepare and serve a notice of entry document, and file it with proof of service) exceed those of sections 659 and 660 (moving party must be served with written notice of entry of judgment). Moreover, the current version of rule 2(a), which took effect on January 1, 2002, provides that a notice of appeal must be filed "60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or *a file-stamped copy of the judgment,* accompanied by proof of service." (Cal.

---

[5] We disapprove *People ex rel. Dept. of Transportation v. Cherry Highland Properties, supra,* 76 Cal.App.4th at pages 261-263, to the extent it suggests that service by any party of written notice of entry of judgment, sufficient to trigger the deadlines of sections 659 and 660 for posttrial motions, is not accomplished until a notice of entry of judgment accompanied by proof of its service has been filed with the trial court.

Rules of Court, rule 2(a)(2), italics added.) New rule 2(a) thus expressly permits service with *either* a file-stamped copy of judgment or a separate pleading entitled "notice of entry." (See also Cal. Rules of Court, rule 122(a) [in appeals to the appellate division of superior court, "a file-stamped copy of the judgment or appealable order may be used in place of the document entitled 'notice of entry' "].)

GTE urges us to read into sections 659 and 660 a requirement that the original notice of entry of judgment or a file-stamped copy be filed in the trial court. GTE argues that "[a]llowing a party to forgo" filing the original notice of entry of judgment or a file-stamped copy "permits the commencement of the jurisdictional timeframe on a date no one can verify" except counsel for the party serving the notice "when he or she digs a proof of service" out of the file. GTE contends that unless the party serving written notice is *required* to file the served document, the trial court, which has only 60 days from the date of service to rule on the motions, may have nothing in its file indicating the crucial date of service. But it is not enough to argue that imposing a requirement would be a useful addition to the statutory scheme. In construing sections 659 and 660, our task is to "ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted . . . ." (§ 1858.) ▇▇▇ Sections 659 and 660 simply do not require that a party giving notice of entry file either a proof of service or a copy of the served document, and we may not insert additional unwritten requirements into those sections, no matter how beneficial we might think them to be.[6]

To some degree, the existing statutory scheme relies for its proper functioning on the prudence and courtesy of counsel for the parties.[7] Counsel who has served notice of entry of judgment *should* thereafter promptly file a copy of the served document together with a proof of service. Although not

---

[6]If a valid motion for a new trial or for judgment notwithstanding the verdict is denied, the party that serves notice of that order must accompany the order or the notice with proof of service of that document on the opposing party. (Cal. Rules of Court, rule 3(f).) Because the notice or the order extends the time to appeal, this "proof of service establishes the date when an extension of the time to appeal begins to run." (Advisory Com. com., West's Ann. Codes, Rules (2003 supp.) foll. rule 3, p. 21.) The service and filing requirement in rule 3(a)(1), (c)(1) & (f), which extends the time to appeal, thus parallels that in rule 2(a)(1) & (2), which governs the normal time to appeal.

[7]At oral argument, counsel for GTE expressed concern that, unless required to serve a separate document entitled "notice of entry of judgment," an attorney might bury such notice in a "chatty ten-page letter." Of course, any deliberate attempt to deceive or mislead opposing counsel would be a serious breach of counsel's professional responsibilities and grounds for discipline. More to the point, our decision today makes it perfectly clear that any attorney who receives in the mail a file-stamped copy of a judgment, accompanied by proof of service, will understand that this constitutes service of notice of entry of judgment sufficient to trigger the deadlines for posttrial motions.

statutorily required, the act of filing those documents ensures that the date on which the notice of entry was served, thereby triggering the statutory periods for making and determining posttrial motions, appears of record in the superior court file. And, as the Court of Appeal here pointed out, counsel for a party making a posttrial motion for a new trial or for judgment notwithstanding the verdict *should*, although not statutorily required to do so, inform the trial court of (1) the date on which entry of judgment was served, and (2) the date on which the court's jurisdiction to rule on the motions will expire. Providing this information will assist the trial court in timely fulfilling its responsibilities in ruling on posttrial motions.

## DISPOSITION

We affirm the judgment of the Court of Appeal.

George, C. J., Baxter, J., Chin, J., Brown, J., Moreno, J., and Richli, J.,* concurred.

---

*Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.