[No. S103417. Feb. 19, 2004.]

CRAIG K. MARTIN, Plaintiff and Respondent, v.
RICHARD SZETO et al., Defendants and Appellants.

CₒᴜɴSEL

Law Offices of Mattaniah Eytan, Mattaniah Eytan, Eric Schenk and Andrea R. Widburg for Defendants and Appellants.

Craig K. Martin, in pro. per.; and Melissa L. Foster for Plaintiff and Respondent.

Oᴘɪɴɪᴏɴ

**WERDEGAR, J.**—We granted review to resolve a conflict in the lower courts over the proper interpretation of Code of Civil Procedure section 1021.7.[1] The section permits a court to award attorneys' fees to a peace officer, or to a public entity employing a peace officer, that successfully defends an action for damages arising out of the performance of the officer's duties if the action was not filed or maintained in good faith and with reasonable cause. The section also authorizes an award of fees "in an action for libel or slander." (*Ibid.*) In *Planned Protective Services v. Gorton* (1988) 200 Cal.App.3d 1 [245 Cal.Rptr. 790], the Court of Appeal held that section 1021.7 authorizes an award of fees in an action for libel or slander only if a peace officer or an officer's public employer is a party. (*Planned Protective Services v. Gorton, supra*, at p. 15.) In the case before us, the Court of Appeal rejected *Gorton* and awarded fees to the successful defendants in a case not involving a peace officer. We reverse.

## I. BACKGROUND

Plaintiff Craig K. Martin sued defendants Richard Szeto and Anthony Lincoln for slander. Plaintiff, an attorney, alleged that defendants falsely told others he was "doing cocaine," thus accusing him of a crime and injuring him in his profession. (See Civ. Code, § 46.) Defendants moved for summary judgment on the grounds (among others) that the statement was privileged under Civil Code section 47, subdivisions (b) and (c), because defendants had made the statement to business associates with whom they shared a common interest in plaintiff's ability to provide competent legal representation in an official proceeding before a local planning commission. The superior court granted defendants' motion on these grounds and also because plaintiff filed no opposition.

After the superior court granted summary judgment, defendants moved for attorneys' fees under section 1021.7, as well as under other statutes not here

---

[1] All further citations to statutes are to the Code of Civil Procedure, except as noted.

at issue. The superior court denied defendants' motion for failure to show that plaintiff had not filed or maintained the action in good faith and with reasonable cause, as section 1021.7 requires. The Court of Appeal reversed. We granted plaintiff's petition for review.

## II. DISCUSSION

The single question before us is whether section 1021.7 authorizes courts to award attorneys' fees in actions for libel and slander generally, or only in actions involving peace officers.[2] We conclude the latter interpretation is correct.

Section 1021.7 provides as follows: "In any action for damages arising out of the performance of a peace officer's duties, brought against a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, or against a public entity employing a peace officer *or in an action for libel or slander brought pursuant to Section 45 or 46 of the Civil Code*, the court may, in its discretion, award reasonable attorney's fees to the defendant or defendants as part of the costs, upon a finding by the court that the action was not filed or maintained in good faith and with reasonable cause." (§ 1021.7, italics added.) Defendants claim the italicized language permits the superior court to award them attorneys' fees even though the case does not involve a peace officer. Read literally and in its grammatical context, the italicized language might support that interpretation. Plaintiff, however, contends the statute's legislative history demonstrates the Legislature intended to permit courts to award attorneys' fees only in those libel and slander cases to which a peace officer or an officer's public employer is a party.

Defendants argue we may not consult the legislative history because section 1021.7 is not ambiguous. (See, e.g., *Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 [105 Cal.Rptr.2d 457, 19 P.3d 1196].) We disagree. The statute is ambiguous. If the section had the meaning defendants claim, it would likely violate article IV, section 9, of the California Constitution, which provides that "[a] statute shall embrace but one subject, which shall be expressed in its title."[3] This constitutional provision, by preventing misleading or inaccurate titles, serves the important purpose of ensuring that legislators and the public have reasonable notice of the scope and content of

---

[2] We have no occasion to review the superior court's order granting summary judgment or the Court of Appeal's decision that plaintiff did not file or maintain his action in good faith and with reasonable cause.

[3] "A statute shall embrace but one subject, which shall be expressed in its title. If a statute embraces a subject not expressed in its title, only the part not expressed is void. A statute may not be amended by reference to its title. A section of a statute may not be amended unless the section is re-enacted as amended." (Cal. Const., art. IV, § 9.)

proposed statutes. (*Harbor v. Deukmejian* (1987) 43 Cal.3d 1078, 1096 [240 Cal.Rptr. 569, 742 P.2d 1290].) The title of the act that became section 1021.7 is "[a]n act to add Section 1021.7 to the Code of Civil Procedure, *relating to peace officers*, and making an appropriation therefor." (Stats. 1981, ch. 980, p. 3806, italics added.) Because we presume the Legislature intended to comply with the state Constitution, we must at least consider the possibility that all parts of section 1021.7, consistently with its title, relate to peace officers. This apparent inconsistency between the section's language and title creates an ambiguity that justifies resort to the legislative history.

Defendants' interpretation of section 1021.7 would, moreover, create a significant and heretofore unrecognized[4] exception to the general rule that all parties to litigation must pay their own attorneys' fees. (§ 1021.)[5] Certainly the Legislature may adopt exceptions to the general rule. Indeed, it has done so in order to further a variety of policy goals. (See, e.g., § 1021.1 et seq.) The rule plaintiff proposes would, presumably, serve the hypothetical policy goal of deterring unmeritorious lawsuits for libel and slander. But a decision by this court that section 1021.7 was, or was not, intended to serve that goal in cases not involving peace officers deserves any additional certainty the legislative history can afford.

Accordingly, the plain language rule does not dispose of this case. We therefore consider the legislative history of section 1021.7 in order to identify the construction that comports most closely with the Legislature's actual intent. (See *Day v. City of Fontana, supra,* 25 Cal.4th 268, 272; see also *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1271 [135 Cal.Rptr.2d 654, 70 P.3d 1067] ["If the statutory language on its face answers [a] question, that answer is binding unless we conclude the language is ambiguous or it does not accurately reflect the Legislature's intent"].) In fact,

---

[4] Prior to the case on review, the only decision on point held that section 1021.7 authorized courts to award attorneys' fees in libel and slander actions only when a peace officer is involved. (*Planned Protective Services, Inc. v. Gorton, supra,* 200 Cal.App.3d 1, 11–16.) Since that decision, two appellate courts have mentioned the issue without deciding it. (*California Casualty Management Co. v. Martocchio* (1992) 11 Cal.App.4th 1527, 1530, fn. 3 [15 Cal.Rptr.2d 277]; *Kahn v. Bower* (1991) 232 Cal.App.3d 1599, 1615–1616 [284 Cal.Rptr. 244].)

Although the Ninth Circuit in *Masson v. New Yorker Magazine, Inc.* (9th Cir. 1989) 895 F.2d 1535, 1547–1548, appears to have assumed that section 1021.7 makes attorneys' fees available in libel and slander actions generally, the court did not recognize the issue we address in this case, note the authority contradicting its assumption (*Planned Protective Services, Inc. v. Gorton, supra,* 200 Cal.App.3d 1, 11–16), or actually award fees under section 1021.7.

[5] "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." (§ 1021.)

the statute's well-documented history leaves no serious doubt that the Legislature intended to adopt a rule that would affect only cases involving peace officers.

Senator John Doolittle introduced Senate Bill No. 229 (1981–1982 Reg. Sess.) on February 5, 1981, at the request of the Peace Officers Research Association of California (PORAC), in order to deter unwarranted lawsuits against peace officers and to reimburse their public employers for the cost of defending such lawsuits. (Sen. Com. on Judiciary, background information on Sen. Bill No. 229 (1981–1982 Reg. Sess.) Mar. 10, 1981, p. 1.) As introduced, the bill covered "any action brought against a peace officer . . . ." Subsequent amendments to the bill on April 20, 1981, and May 28, 1981, clarified the Legislature's intent to reach only "actions for damages arising out of the performance of a peace officer's duties" that have not been "filed or maintained in good faith and with reasonable cause."

Assemblywoman Maxine Waters added the words, "or in an action for libel or slander brought pursuant to Section 45 or 46 of the Civil Code," on the floor of the Assembly, immediately before Senate Bill No. 229 passed that house. (5 Assem. J. (1981–1982 Reg. Sess.) pp. 8101, 8150.) Consequently, the various reports on the bill prepared for Senate and Assembly committees do not discuss the amendment. The amendment is discussed, however, in letters to the Governor by the bill's Senate sponsor and others, urging that the legislation be signed or vetoed. These letters consistently explain that the amendment was offered to make the bill reciprocal, by providing that anyone defending against a frivolous action for libel or slander brought by a peace officer would also be able to receive an award of attorneys' fees. (See Sen. John Doolittle, letter to Governor Edmund Brown, Sept. 22, 1981, p. 1; see also Joe Aceto, Director, Legislative Division, PRAC, letter to Governor Edmund Brown, Sept. 22, 1981, p. 2.) The American Civil Liberties Union (ACLU), which opposed the bill, nevertheless recounted the amendment's history in precisely the same way.[6] These statements about pending legislation are entitled to consideration to the extent they constitute "a reiteration of

---

[6] The ACLU wrote: "We should also point out another effect of [Senate Bill No.] 229. When it became clear that the bill could not be stopped in the Legislature, [Assemblywoman] Maxine Waters urged the author to take certain amendments providing defense attorneys fees where defamation actions are brought without reasonable cause and not in good faith. While we deplore the precedent that [Senate Bill No.] 229 sets, if defense attorneys fees are to become state policy, it seems clear that the use of defamation lawsuits as a political weapon should bear the same price. [¶] Where, e.g., the NAACP was sued by Oakland police officers for their public condemnation of police shootings, or where a former juror was sued for writing the Mayor of Culver City about the conduct of one of its officers in dealing with Hispanics, attorneys fees should be available. In each case the speech was clearly privileged, and the only reason for the defamation action was to punish the defendants, to shut them up, and to discourage like-minded persons from speaking out." (Brent Barnhart and Beth Meador, ACLU Legislative Advocates, letter to Governor Edmund Brown, Sept. 23, 1981, pp. 1–2.)

legislative discussion and events leading to adoption of proposed amendments rather than merely an expression of personal opinion." (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 700 [170 Cal.Rptr. 817, 621 P.2d 856].)

■ In summary, while the Legislature wished to make section 1021.7 reciprocal, in the sense of deterring baseless actions for libel or slander filed against citizens in retaliation for complaints about the manner in which peace officers have performed their duties, nothing in the legislative history suggests a broader intent to make attorneys' fees available in libel and slander actions generally.[7]

As additional support for interpreting section 1021.7 to authorize attorneys' fees only in actions involving peace officers, plaintiff cites a variety of documents written by members of the Legislature, and by the Legislative Counsel, years after section 1021.7 took effect. The authors of these documents explain the origin and meaning of the section's reference to actions for libel and slander consistently with the previously mentioned letters to Governor Brown, and conclude that the section affects only actions involving peace officers. We do not, however, attribute any weight to these later writings because they have little probative value on the Legislature's contemporaneous understanding of the bill that became section 1021.7.

■ For the same reason, we attach little value to the Legislature's subsequent failure to pass a bill (Assem. Bill No. 95 (1983–1984 Reg. Sess.)) that would have amended section 1021.7 to clarify its reference to actions for libel and slander.[8] We have repeatedly observed that the Legislature's failure to enact a proposed amendment to an existing statutory scheme offers only limited guidance, if any, concerning the Legislature's original intent. (E.g., *People v. Mendoza* (2000) 23 Cal.4th 896, 921 [98 Cal.Rptr.2d 431, 4 P.3d 265]; *Marina Point, Ltd. v. Wolfson* (1982) 30 Cal.3d 721, 735, fn. 7 [180 Cal.Rptr. 496, 640 P.2d 115].) Here, to undertake the problematic exercise of

---

[7] Contradicting the legislative history, dictum in *Planned Protective Services v. Gorton, supra*, 200 Cal.App.3d 1, suggests that section 1021.7 applies only to actions in which a peace officer or a peace officer's public employer is a *defendant*. (200 Cal.App.3d at p. 15.) In this one respect only, we disapprove *Planned Protective Services v. Gorton, supra*, 200 Cal.App.3d 1.

[8] Assembly Bill No. 95 (1983–1984 Reg. Sess.) would have added the following italicized language to section 1021.7: "*any* action for libel or slander brought *by or on behalf of a peace officer or a public entity employing a peace officer* pursuant to Section 45 or 46 of the Civil Code *based upon a statement or publication alleging that a peace officer has not properly performed his or her duties . . . .*" (Italics added.)

inferring legislative intent from subsequent, failed legislation seems especially inappropriate because the original intent behind section 1021.7 is clear.[9]

Defendant argues that to interpret section 1021.7 as affecting only actions involving peace officers would render surplusage the statutory language referring to "action[s] for libel or slander." The argument lacks merit. To be sure, even without that language, the section would authorize a court to award attorneys' fees "[i]n *any* action for damages"—including presumably an action for libel or slander—"arising out of the performance of a peace officer's duties, [and] brought against a peace officer . . . or against a public entity employing a peace officer . . . ." (§ 1021.7, italics added.) As the legislative history shows, however, the additional language about "action[s] for libel or slander" was thought necessary to make the statute reciprocal, in part, by permitting the recovery of attorneys' fees by citizens sued for libel or slander by peace officers in retaliation for complaining about the manner in which peace officers had performed their duties. Thus, to interpret section 1021.7 as affecting only actions involving peace officers does not render surplusage the section's reference to "action[s] for libel or slander."

For these reasons, we conclude that section 1021.7 authorizes courts to award attorneys' fees in actions for libel or slander only when a peace officer or an officer's public employer is a party, and when the action arises out of the performance of an officer's duties. Section 1021.7 does not authorize fee awards in libel and slander actions generally. In holding to the contrary, the Court of Appeal erred.

## III. DISPOSITION

The decision of the Court of Appeal is reversed.

George, C. J., Kennard, J., Baxter, J., Chin, J., Brown, J., and Moreno, J., concurred.

---

[9] Plaintiff's motion for judicial notice of the legislative history of Assembly Bill No. 95 (1983–1984 Reg. Sess.) is granted. As explained above, however, we do not find the legislative history of that unenacted bill useful in construing section 1021.7.