[No. B074945. Second Dist., Div. Five. June 23, 1994.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Jerald W. Newton for Defendant and Appellant.

DeWitt W. Clinton, County Counsel, S. Robert Ambrose, Assistant County Counsel, and Gary N. Miller, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**ARMSTRONG, J.**—In this case we interpret the language of Code of Civil Procedure section 668.5 to determine whether the date of entry of a judgment in Los Angeles Superior Court, which maintains a register of actions rather than a judgment book, is dependent upon whether the judgment is entered in the register of actions prior to being placed in the court file.

By way of background, we first note that prior to 1974, entry of judgment was governed exclusively by Code of Civil Procedure section 668,[1] which required each county to maintain a judgment book and mandated that judgment was not entered until it was placed in the judgment book.

In 1974, the Legislature enacted section 668.5, providing an alternative method for the entry of judgment. Section 668.5 as originally enacted permitted counties which placed individual judgments in the file of the actions to cease use of judgment books so long as they microfilmed the judgment before placing it in the file.

In 1983, after several versions of a proposed amendment were considered by the Legislature, section 668.5 was amended to read as follows: "In those counties where the clerk of the court places individual judgments in the file of actions and either a microfilm copy of the individual judgment is made, or the judgment is entered in the register of actions, or into the court's electronic data-processing system, prior to placement of the judgment in the file of actions, the clerk shall not be required to enter judgments in a judgment book, and the date of filing the judgment with the clerk shall constitute the date of its entry."

With the foregoing in mind, we recite the undisputed facts of this case. On March 11, 1992, defendant Ranger Insurance Company (Ranger) posted a bail bond guaranteeing the appearances of Raul Morga Rivera in Van Nuys Superior Court. In the event Rivera failed to appear, Ranger would pay $180,000.

On May 6, 1992, Rivera failed to appear without sufficient excuse and bail was ordered forfeited. On October 30, 1992, Ranger filed a notice of motion and motion to vacate forfeiture and exonerate bond. On November 20, 1992, the matter was submitted to the court and the motion was denied.

A declaration of clerk and request to enter summary judgment on bail forfeiture was filed on January 27, 1993. On February 3, 1993, a document entitled "Summary Judgment on Bail Forfeiture" was filed. A notice of entry of judgment was also mailed and filed by the clerk on that date.

Pursuant to Penal Code section 1306,[2] the last day for entry of summary judgment on the bail forfeiture was February 18, 1993. On February 19, Ranger obtained a certified copy of the register of actions, which contained

---

[1]Further statutory references are to this code unless otherwise indicated.

[2]That section provides in pertinent part:

"(a) When any bond is forfeited and the period of time specified in Section 1305 [180 days of the date of forfeiture or 180 days of the date of mailing of notice of forfeiture] has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture,

no record of the summary judgment. Ranger also reviewed the court file on that day and found the filed-stamped summary judgment bearing the date of February 3, 1993.

On February 22, 1993, Ranger filed a notice of motion and motion to vacate summary judgment and exonerate the bond, contending that judgment had not been entered within the prescribed 90-day period. Ranger's argument went as follows: Judgment was not entered pursuant to section 668, because Los Angeles County does not maintain a judgment book. And judgment was not entered pursuant to section 668.5, because according to the plain language of that section, it applies only if one of the alternatives described in the statute is *completed* before the file-stamped summary judgment order is placed in the court file. In this case, the file-stamped judgment was placed in the individual court file before it was either entered in the register of actions or into the court's electronic data-processing system, and without being microfilmed.

The trial court rejected Ranger's argument, concluding that the statute's use of the words "in those counties where" as opposed to "in those instances where" indicates that section 668.5 applies to all cases in counties where the general practice is to enter judgments in a register of actions or an electronic data-processing system or to microfilm the judgments, regardless of what transpired in any particular case. Hence, the clerk's action in filing the judgment on February 3, 1993, constituted entry of judgment for all purposes.

Citing the rule of statutory construction that the clear and unambiguous words of the statute control (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288]; *People* v. *Clark* (1992) 10 Cal.App.4th 1259, 1264 [13 Cal.Rptr.2d 209]), Ranger contends that the plain language of section 668.5 makes clear that one of the three alternatives must be performed before the judgment is placed in the file in order for section 668.5 to apply. However, Ranger ignores the equally long-standing rule that a statute will not be interpreted to render an absurd result (*Shields* v. *Singleton* (1993) 15 Cal.App.4th 1611, 1620 [19 Cal.Rptr.2d 459]) or to defeat the Legislature's central objective (*Leslie Salt Co.* v. *San Francisco Bay Conservation etc. Com.* (1984) 153 Cal.App.3d 605, 614 [200 Cal.Rptr. 575]). Adopting Ranger's construction of section 668.5 would do just that, since it

---

regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. . . .

"(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

would mean that, in counties which do not maintain a judgment book, no judgment may ever be entered in an action if the judgment was placed in the file of the action before it was either entered in the register of actions, entered in the data-processing system, or microfilmed. Ranger cites no legislative history[3] to suggest that this result was intended by the Legislature when it amended section 668.5. To the contrary, the legislative history supports respondent's position, that the amendment provided two additional alternative means for recording judgments, but continued to provide but one method of entering judgments, that is, the clerk's filing of the judgment.

In our view, section 668.5 contains two independent provisions concerning judgments rendered in counties which do not maintain judgment books: One prescribes the time and manner of entering judgments (by filing the judgment with the clerk), and the other specifies the manner of documenting entry of those judgments so as to provide a public record of the judgments (by entering them in the register of actions, or in the court's data processing system, or by microfilming them). Neither portion of the statute is dependent upon the other for its effectiveness. Once a judgment is filed with the clerk, it is entered, and no subsequent action is required to effect entry of judgment.

Accordingly, we conclude that in those counties which do not maintain a judgment book but instead record the judgment by one of the methods authorized in section 668.5, all judgments are entered by the clerk's filing of the judgment (which is the date of entry of judgment) without regard to the time that the judgment is placed in the court file. Since the summary judgment in this case was filed on February 3, 1993, it was also entered on that date, well within the time limitations set forth in Penal Code section 1306.

### DISPOSITION

The judgment is affirmed.

Turner, P. J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied July 20, 1994, and appellant's petition for review by the Supreme Court was denied September 29, 1994.

---

[3]Pursuant to Evidence Code sections 452 and 459, we grant Ranger's request for judicial notice of Assembly Bill No. 338 (1983-1984 Reg. Sess.) in its various iterations before its final adoption in 1984. We have also obtained, and take judicial notice of, the full legislative history of both Assembly Bill No. 4328 (1973-1974 Reg. Sess.) (which adopted section 668.5 in 1974) and Assembly Bill No. 338, *supra* (which amended the statute in 1984).