Filed 6/24/14  Navy Federal Credit Union v. Saddik CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NAVY FEDERAL CREDIT UNION,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL S. SADDIK,<br><br>    Defendant and Appellant. | G048845<br><br>(Super. Ct. No. 30-2012-00555094)<br><br>O P I N I O N |

        Appeal from an order of the Superior Court of Orange County, David T. McEachen, Judge.  Affirmed.

        Law Office of Herb Fox and Herb Fox for Defendant and Appellant.

        Law Office of Bryan M. Grundon, Bryan M. Grundon and Jessica F. Flynn for Plaintiff and Respondent.

Michael S. Saddik appeals from an order denying his motion to set aside a default and default judgment under Code of Civil Procedure section 473.[1]  The trial court denied the motion because it was untimely and Saddik had not shown excusable neglect.  On appeal he challenges both conclusions.  We find the motion was untimely and affirm the order.

FACTS & PROCEDURE

Navy Federal Credit Union (Navy) filed a collections action against Saddik on March 19, 2012, seeking damages of $82,025.  Navy served the complaint on Saddik on July 30, 2012.  On September 11, 2012, Navy filed a request for entry of default and court judgment against Saddik for the amount demanded in its complaint, plus interest, costs and attorney fees, and the court clerk entered Saddik's default.  The request for entry of default was served on Saddik by mail on September 6, 2012.  A two-page default judgment awarding Navy $88,899.70 was signed by the court and was stamped filed on October 24, 2012.

The Orange County Superior Court's publicly accessible case information/register of actions (hereafter Civil Case Information Web site), on which members of the public may view case information and purchase copies of filed court documents, contains the following docket entries relating to the judgment:  (1) entry number 32, "judgment filed by [Navy] on 10/24/2012 . . . [filing date] 10/24/2012 . . . 2 pages"; (2) entry number 33, "the court enters judgment as to complaint . . . [filing date] 11/14/2012 . . . *NV*"; entry number 34, "complaint disposed with disposition of default judgment by court . . . [filing date] 11/14/2012 . . . *NV*"; and (4) entry number 35, "case disposed with disposition of default judgment by court . . . [filing date] 11/14/2012 . . . *NV*."

---

[1]        All statutory references are to the Code of Civil Procedure, unless otherwise indicated.

2

On May 14, 2013, Saddik's attorney filed a motion to set aside the default and the default judgment "entered on November 14, 2012[,]" under both the discretionary and mandatory attorney fault provisions of section 473, subdivision (b). His attorney declared that on September 7, 2012, he telephoned Navy's counsel to request an extension of time to respond to the complaint but did not receive a response. Saddik's attorney declared that on September 12, 2012, he electronically filed a demurrer to the complaint on Saddik's behalf, paid the filing fees, and the demurrer was set for hearing on January 8, 2013. He attached a receipt from the superior court dated September 20, 2012, for payment of the fees. Unbeknownst to him, on November 6, 2012, the court clerk applied for an order for correction of error. On that same date, the court issued the clerk's requested order striking Saddik's demurrer, and vacating the hearing date, because Navy's request for entry of default was filed on September 11, 2012. The order was mailed by the court clerk to Navy's and Saddik's counsel on November 14, 2012.

Saddik's attorney declared that on December 17, 2012, he attempted to contact Navy's attorney to resolve the matter "to no avail." His office then performed a "routine docket check" and learned a default judgment had been entered against his client on November 14, 2012. He was surprised by this because the court clerk had accepted and calendared the demurrer. The attorney stated his office contacted the court clerk and learned the demurrer had been dismissed. The clerk indicated she believed the demurrer had been accepted in error, but said she would look into it. After a few months of back and forth telephone calls between the attorney's office and the court clerk, Saddik's attorney was eventually told "the electronic filing clerk erred in accepting the demurrer." Saddik's attorney explained the surprise was that Saddik's demurrer was accepted for filing, and there was no indication Navy had already obtained a default. "This was an honest mistake as [Saddik relied] on me to pursue his defense of this action. If there is any error, it lay with the attorney and not [Saddik]."

3

Navy's opposition asserted the motion for relief from the default judgment was untimely because it was filed 181 days after the default judgment was entered on November 14, 2012. Navy argued there was no explanation for why the motion was not brought earlier given that Saddik's counsel knew about the default judgment on December 17, 2012.

At the June 11, 2013, hearing on the motion to set aside the default and the default judgment, Saddik's counsel argued 180 days was not the statutory limit for filing the motion; six months was the limit and the motion was filed with six months after entry of judgment. The trial court commented the default judgment was entered October 24, 2012, and it denied the motion as untimely because it was "was made more than [six] months after entry of judgment." The court also found no ground for equitable relief because Saddik had not presented a satisfactory reason for not presenting a defense in the first place or diligence in moving to set the default aside once it was discovered. "Further, [Saddik] has failed to sufficiently establish that a clerical error was made by the [c]ourt."

## DISCUSSION

Saddik contends the trial court abused its discretion by denying his motion for relief from the default and the default judgment. His motion was brought under the mandatory relief provision of section 473, subdivision (b), based on attorney mistake, and the discretionary relief provisions of section 473. Saddik contends his request for relief was timely and he demonstrated excusable neglect. Because we disagree with the former assertion, we need not address the latter.

"Section 473, subdivision (b), authorizes the trial court to relieve a party from a default or default judgment entered because of the party's or his or her attorney's mistake, inadvertence, surprise, or neglect. The section provides for both mandatory and discretionary relief. Mandatory relief is available 'whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is

4

accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect . . . .' (§ 473, subd. (b).)" (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399.) Discretionary relief is available if the application is made "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).)

A primary issue presented in Saddik's and Navy's original appellate briefs was whether Saddik's motion to set aside the default was timely filed—the trial court concluded it was not. Both sides' arguments are premised on their assumption the default judgment was entered on November 14, 2012, based on the dates appearing on the Civil Case Information Web site. Based on that date, Saddik argues the motion was filed 181 days after entry of judgment and was therefore timely because "as employed in section 473 . . . six months is the equivalent of half a year and, under section 6803 of the Government Code, is the equivalent of 182 days." (*Davis v. Thayer* (1980) 113 Cal.App.3d 892, 903.) Navy counters that "six months" means 180 days and therefore the motion was untimely.

The parties' argument is misplaced because they are in error as to the date the default judgment was entered. The default judgment was file-stamped October 24, 2012, and when ruling on Saddik's motion, the trial court remarked October 24, 2012, was the date the judgment was entered. Section 668.5 provides, "In those counties where the clerk of the court places individual judgments in the file of actions and either a microfilm copy of the individual judgment is made, or the judgment is entered in the register of actions, or into the court's electronic data-processing system, prior to placement of the judgment in the file of actions, the clerk shall not be required to enter judgments in a judgment book, and *the date of filing the judgment with the clerk shall constitute the date of its entry*." (Italics added.) Based on the October 24, 2012, filing date, the motion filed 203 days later was untimely.

5

At oral argument we invited the parties to submit supplemental briefing addressing section 668.5, and that briefing has been completed. Not surprisingly, Navy now argues October 24, 2102, was the date of entry of judgment, and the motion was untimely. Saddik concedes section 668.5 controls in this instance, and the date of entry of the default judgment is the file-stamped date, not the date the judgment was entered into the court's electronic data base. (See *County of Los Angeles v. Ranger Ins. Co.* (1994) 26 Cal.App.4th 61, 65.) Nonetheless, Saddik offers a number of reasons why section 668.5 notwithstanding, in this case we should consider the default judgment filed on the later date. None have merit.

Citing the rule that a default or default judgment may not be entered when an answer or demurrer is on file (see *Stevens v. Torregano* (1961) 192 Cal.App.2d 105, 112; *Cuddahy v. Gragg* (1920) 46 Cal.App. 578, 580; 6 Witkin, Cal. Proc. (5th ed. 2008) Proceedings Without Trial, § 138, p. 576), Saddik first argues the default judgment entered on October 24, 2012, was void as a matter of law because his demurrer, electronically filed on September 12, 2012, was pending when it was filed. But the argument ignores that the demurrer itself was a nullity because it was filed *after* the entry of default on September 11, 2012. The entry of default "instantaneously cut[] off [Saddik's] right[] to appear in the action." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter Group 2013) [¶] 5:6, p. 5-2.) "The entry of a default terminates a defendant's rights to take any further affirmative steps in the litigation until either its default is set aside or a default judgment is entered. [Citations.] 'A defendant against whom a default has been entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action; he cannot thereafter, until such default is set aside in a proper proceeding, file pleadings . . . .' [Citation.]" (*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385-386.)

Saddik next contends the October 24, 2012, default judgment is void because the complaint upon which it was based failed to state a cause of action—an issue

6

that can be raised anytime.  (*Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 7, fn. 2 [issue of whether cause of action stated may be raised for first time on appeal].)  But Saddik offers absolutely no analysis or citation to authorities suggesting how the complaint was defective, and thus we consider this point waived.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

Finally, Saddik attempts to invoke the court's inherent discretionary equitable power to set aside a default on the grounds of extrinsic fraud or mistake.  The point is somewhat unclear.  Saddik's motion did not seek equitable relief from the default judgment due to extrinsic fraud or mistake.  Although Saddik refers to authority relating to the trial court's discretion to set aside a default or default judgment more than six months after entry of default (see *People v. One Parcel of Land* (1991) 235 Cal.App.3d 579, 582-583), his argument is focused on the attorneys' mistaken belief the judgment was entered on November 14, 2012, the date reflected on the Civil Case Information Web site.  Saddik recounts the following procedural history:  He filed his demurrer sometime before September 20, 2012 (Saddik's attorney declared he electronically filed the demurrer on September 12, but provided a receipt for the filing dated September 20); the demurrer was accepted and calendared by the court clerk who apparently did not realize that a default had already been entered on September 11; the court signed and the clerk file-stamped the default judgment on October 24, apparently not knowing a demurrer had been filed because the demurrer was not stricken until November 6; the order striking the demurrer said nothing about a default judgment having already been entered; and although the Civil Case Information Web site contains entry number 32 dated October 24, 2012, "judgment filed by [Navy] on 10/24/2012," the next three entries (numbers 33 through 35) are dated November 14, 2012, "the court enters judgment as to complaint," "complaint disposed with disposition of default judgment by court," and "case disposed with disposition of default judgment by court."  Saddik argues this "botched record keeping" by the superior court should overcome any presumption arising

7

from section 668.5 that the judgment was entered on its file-stamp date of October 24, 2012. Moreover, he argues that since all the attorneys assumed the judgment was entered November 14, Navy should be estopped to now argue otherwise.

From the foregoing, we take Saddik's argument to be he should be relieved from the mistake as to the date of entry of the default judgment, and therefore from his failure to timely file his section 473, subdivision (b), motion. We reject the argument. As already noted, section 668.5 provides the judgment is entered on the date it is filed, not the date it is entered into the court's electronic data base. The Civil Case Information Web site, of which we take judicial notice (Evid. Code, § 452, subd. (d)), contains a bold disclaimer warning users, "The information provided on and obtained from this site does not constitute the official record of Orange County Superior Court. This information is provided as a service to the general public. Any user of this information is hereby advised that it is being provided "as is." The information provided may be subject to errors or omissions." (https://ocapps.occourts.org/civilwebShoppingNS/Login.do;jsessionid=34B24DD9EF3C 76949B3E530C8B6F4D52#top.) Additionally, we note only the October 24, 2012, docket entry number 32 refers to an actual court document—allowing a member of the public to acquire the two-page document filed on that date. The three November 14, 2012, entries, are not associated with any publicly available documents—each entry being followed by the notation "*NV*." Saddik's attorney declared he became aware of the information on the Civil Case Information Web site on December 17, 2012.

In sum, the trial court correctly concluded the default judgment was entered on October 24, 2014. Therefore, Saddik's motion for relief from the default and the default judgment, under either the discretion relief or the mandatory attorney fault provisions of section 473, subdivision (b), was untimely. "The six-month time limit for granting relief under section 473 is jurisdictional and relief cannot be granted under section 473 if the application for such relief is instituted more than six months after the

8

entry of the judgment, order or proceeding from which relief is sought." (*Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 735, fn. 3.)  Accordingly, the order must be affirmed.

## DISPOSTION

The order is affirmed.  Respondent is awarded its costs on appeal.


O'LEARY, P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

9