Filed 2/5/26  Qiao v. Chang CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| XINGWANG QIAO, | |
| Plaintiff and Appellant, | E083864 |
| v. | (Super.Ct.No. RIC1901678) |
| QILIN CHANG et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Dismissed.

Xingwang Qiao, in pro. per., for Plaintiff and Appellant.

Jan T. Chilton, Severson & Werson, for Defendants and Respondents.

Plaintiff and appellant Xingwang Qiao (Plaintiff)[1] appeals the judgment entered in favor of defendants and respondents Qilin Chang, Golden Taste LLC, Golden Globe LP,

---

[1]  Plaintiff's motion to correct the record or amend the caption filed January 26, 2026, requests we change the case name to reflect the title used in the lower court, namely, Xingwang Qiao v. Zhenfei Xiang, et al.  However, the appellate title of

*[footnote continued on next page]*

1

and Worlden San Bernardino, Inc. (Respondents) in Plaintiff's action for gross negligence, declaratory relief, conversion, and unjust enrichment. Following a court trial, judgment was entered on February 23, 2024, and Respondents served notice of its entry on February 26, 2024. Plaintiff filed a notice of appeal 73 days later, on May 9, 2024. Plaintiff asserts his appeal is nevertheless timely because the court corrected the entry of judgment date to February 28, 2024, and Respondents served an amended notice of entry of judgment on March 13, 2024. We conclude the appeal is untimely because Plaintiff did not file his notice of appeal within 60 days after he was served with notice of entry of judgment. We accordingly dismiss the appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the beginning of 2018, Zhenfei Xiang (Xiang) and his wife Xiaoshan He (He) owned 91 percent of Golden Taste LLC (Taste), an LLC that was the general partner and owner of 95 percent of Golden Globe LP (Globe). Globe is a limited partnership that was the franchisee of a Golden Corral restaurant in San Bernardino. Xiang wanted to exit the restaurant business. On January 19, 2018, Xiang entered into a Limited Partnership Interest Purchase Agreement (LP Agreement) with Plaintiff, wherein Plaintiff agreed to purchase a 51 percent interest in Globe for a total purchase price of $2.04 million. Plaintiff paid $1,150,000, and the remaining $890,000 was to be recorded as a receivable. Plaintiff also signed a First Amendment of Limited Partnership Agreement of Globe (LP

---

Plaintiff's action differs from the lower court's title because we do not identify the individuals or entities that are not parties to the appeal. (Cal. Style Manual (2000) § 6.4.) Plaintiff's motion is therefore denied.

Amendment), which provided that since Plaintiff had not paid the full purchase price under the LP Agreement, it was in Globe's best interests for Taste, managed by Xiang, to remain as the sole entity managing and overseeing Globe's operations.

In May 2018, Xiang and He agreed to sell all of their interests in Taste to Qiliang Chang (Qiliang).[2] Also, Xiang and He executed an agreement to sell all of their interests in the Golden Corral restaurant to Qiliang for a total purchase price of $7,350,000. In June 2018, after obtaining franchisor approval, Xiang and He transferred their interests in Taste (and thus, the controlling interest in Globe) to Worlden San Bernardino, Inc (WSB), a company owned by Qilin upon the condition that Qilin sign a personal guarantee of Globe's obligations under the franchise agreement. Qilin also agreed to refund Plaintiff the $1,050,000 he had paid; however, Plaintiff refused. Later in 2018 and again in 2020, Taste sent a call for additional capital contributions; Plaintiff failed to contribute, and Taste's ownership interest in Globe increased while Plaintiff's ownership interest decreased.

On March 1, 2019, Plaintiff initiated this action against several parties, including Xiang, He, Taste, Qiliang, Qilin, Globe, and WSB, alleging claims arising out of his purchase of an ownership interest in Globe. By way of the fourth amended complaint, Plaintiff alleged claims against Qilin and Taste for gross negligence and declaratory relief regarding Plaintiff's percentage of ownership in Globe and claims against Qilin, Taste, and WSB for conversion and unjust enrichment. The trial court granted Globe summary

---

[2] Qiliang gave his brother, Qilin Chang (Qilin), special power of attorney for the period of June 3, 2018, to June 2, 2019.

adjudication on Plaintiff's claims with the exception of declaratory relief, and it granted Xiang and He summary judgment on Plaintiff's fraud claim. Qilin filed cross-claims against Plaintiff and others for breach of contract, fraud, and intentional interference with prospective economic advantage, indemnity, and declaratory relief.

The matter was tried by the court. On December 1, 2023, the trial court entered its statement of decision finding in favor of Respondents. The trial judge signed the judgment on January 19, 2024; however, the court clerk stamped it filed on February 23. Respondents served, and Plaintiff received, notice of entry of judgment on February 26, 2024. The next day, Plaintiff contacted the court clerk by phone and asked why he was unable to see the February 23, 2024 judgment online. On February 28, Plaintiff wrote a letter to the Presiding Judge regarding the same. On February 29, the court's docket showed the judgment.

On March 11, 2024, the trial court entered an order stating: "It appears to the court through inadvertence and/or clerical error, the Judgment filed on 2/23/24 does not correctly reflect the filed date of 2/28/24. The document is corrected Nunc Pro Tunc to reflect: Filed 2/28/24." On March 13, 2024, Respondents served, and Plaintiff received, an amended notice of entry of judgment. The judgment attached to the amended notice is identical to the judgment attached to the first notice except the original "February 23, 2024," file stamp is crossed out and a "February 28, 2024" file stamp is placed next to it.

Plaintiff filed his notice of appeal on May 9, 2024. Respondents filed a motion to dismiss the appeal, arguing the notice of appeal is untimely as to the February 23, 2024,

4

judgment. Plaintiff opposed the motion. On July 31, 2024, we denied the motion to dismiss without prejudice to addressing it in the parties' briefs.

## I. DISCUSSION

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation.]" (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) Moreover, "[j]urisdictional time limits for appealable orders may not be extended by estoppel, consent, waiver, agreement or acquiescence." (*Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 70.) "If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Cal. Rules of Court, rule 8.104(b).)

California Rules of Court, rule 8.104(a)(1), provides that a notice of appeal from a judgment "must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment . . . ; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment . . . ; or [¶] (C) 180 days after entry of judgment." For purposes of this rule, "[t]he entry date of a judgment is the date the judgment is filed under Code of Civil Procedure section 668.5, or the date it is entered in the judgment book." (*Id.*, rule 8.104(c)(1).)

"Under the traditional method for 'entering' a civil judgment in California, . . . the clerk of the superior court made a notation in a book known as the 'judgment book.'"

(*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1267, fn. 2 (*Palmer*).) "In 1974, by enacting [Code of Civil Procedure] section 668.5, the Legislature provided an alternative method for entering a judgment." (*Ibid*.) This commonly used method allows a county to dispense with the judgment book if, before placing the judgment in the superior court file, the clerk of the court enters it "in the register of actions, or into the court's electronic data-processing system." (Code Civ. Proc., § 668.5.) In such case, "the date of filing the judgment with the clerk shall constitute the date of its entry." (*Ibid*.)

Accordingly, in Riverside County, which does not maintain a judgment book, the entry of the judgment occurs upon the filing of the document with the clerk of the court. (Code Civ. Proc., § 668.5; Riverside County Local Rules, rule 1045(a) ["The clerk of this court does not maintain a judgment book. Therefore, in this court all judgments and amendments thereto are entered as of the date on which they are filed, pursuant to Code of Civil Procedure section 668.5."]; *County of Los Angeles v. Ranger Ins. Co*. (1994) 26 Cal.App.4th 61, 65 ["entry of judgment" simply means that the superior court's signed order/judgment has been file-stamped and placed in the court file].) Furthermore, as used in Code of Civil Procedure section 668.5, "the word 'filing' does not include or require entry of the judgment in the register of actions or entry of the judgment in the court's electronic data-processing system." (*Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 545.) It "requires only that the judgment be signed by the judge and file stamped by the clerk." (*Id*. at p. 544.) "[A] judgment's date of filing, as shown on a file stamp, is the judgment's date of entry." (*Palmer*, *supra*, 30 Cal.4th at p. 1267, fn. 2.)

6

Here, entry of judgment occurred on February 23, 2024, the date the clerk of the court stamped it as "FILED." (Cal. Rules of Court, rule 8.104(c)(1); Code Civ. Proc., § 668.5.)

Nonetheless, Plaintiff faults the trial court for failing to both send him a copy of the judgment and update its online register of actions to reflect the entry of the judgment. However, neither of these facts is relevant to our assessment of when the judgment was entered and when the 60-day time to appeal began to run. Plaintiff acknowledges that he received "a Notice of Entry of Judgment from Respondents," which shows a judgment date of February 23, 2024. This notice prompted him to contact the court clerk to ask why the February 23, 2024, judgment was not visible online. Moreover, according to the case docket provided by Plaintiff, the register of actions includes two entries stating the following: (1) "02/23/2024 Judgment on 4th Amended Complaint XINGWANG QIAO Filed By: QILIN CHANG, GOLDEN TASTE LLC, GOLDEN GLOBE LP, WORLDEN SAN BERNARDINO INC Against / As To: XINGWANG QIAO"; and (2) "02/26/2024 Notice of Entry of Judgment on 4th Amended Complaint XINGWANG QIAO Filed By: GOLDEN TASTE LLC, GOLDEN GLOBE LP, QILIANG CHANG, WORLDEN SAN BERNARDINO INC." This is consistent with Plaintiff's declaration describing the status of the case in support of his opposition to Respondents' motion to dismiss this appeal. Thus, it appears that the superior court clerk did enter the judgment into the case management system, but due to a clerical error, Plaintiff was unable to view it online.

Likewise, the trial court's March 11, 2024, order "correcting" the judgment nunc pro tunc to reflect, "Filed 2/28/24," and Respondents' March 13, 2024, amended notice of

7

entry of judgment are irrelevant to the 60-day period for appealing the judgment. As previously stated, California Rules of Court, rule 8.104(c)(1) provides that the date of entry of a judgment is the date judgment is filed under Code of Civil Procedure section 668.5, and that section provides that in counties, like Riverside, in which judgments are entered in the register of actions or the court's electronic data-processing system, "the date of filing the judgment with the clerk shall constitute the date of its entry." Here, the judgment attached to Respondents' February 26, 2024, notice of entry—which Plaintiff admits he received—was file-stamped by the court clerk on February 23, 2024. Thus, the file stamp provided Plaintiff with notice of the fact and the date of the judgment's entry.

Again, for purposes of determining the date on which a judgment is entered, Code of Civil Procedure section 668.5 provides that "the date of filing the judgment with the clerk shall constitute the date of its entry." Under the plain language of the statute, "'[t]he "entry" date does *not* depend on when—or even *if*—the judgment was entered in a register of actions *or* electronic data-processing system.'" (*Olson v. La Jolla Neurological Associates* (2022) 85 Cal.App.5th 723, 732.) Even where the register of actions fails to indicate that a judgment was in fact entered, "the entry of the judgment occurs upon the filing of the document." (*Filipescu v. California Housing Finance Agency* (1995) 41 Cal.App.4th 738, 741; accord, *Ten Eyck v. Industrial Forklifts Co.*, *supra*, 216 Cal.App.3d at pp. 543-544.) "Once a judgment is filed with the clerk, it is entered, and no subsequent action is required to effect entry of judgment." (*County of Los Angeles v. Ranger Ins. Co.* (1994) 26 Cal.App.4th 61, 65.)

8

To summarize, the judgment was entered on February 23, 2024, because it was filed with the clerk on that date, regardless of when the clerk made the entry in the court's electronic data-processing system.  Because Plaintiff filed his notice of appeal on May 9, 2024, more than 60 days after he was served notice of entry of judgment on February 26, 2024, we lack jurisdiction to consider the merits of the appeal.  We therefore dismiss the appeal.

## III.  DISPOSITION

The appeal is dismissed.  Respondents shall recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

MILLER _____
J.

9